## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FEITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL R. POMPEO, *et al*.<br><br>Defendants. | Civil Action No.<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

The five individual plaintiffs in this action, John/Jane Does Alpha, Bravo, Charlie, Delta, and Echo (collectively, the "Doe Plaintiffs"), have moved to proceed under pseudonyms, Doe Pls.' Ex Parte Mot. Leave File Compl. & Mot. Class Cert. Under Pseudonyms ("Pls.' Mot.") at 1, in their instant lawsuit seeking to compel the defendants, the U.S. Department of State ("DOS"), the U.S. Department of Homeland Security ("DHS") and various officials at those two federal agencies, to process and adjudicate their applications, and the applications of similarly situated individuals, for Afghan and Iraqi Special Immigrant Visas ("SIVs").  *See* Mem. Points & Auths. Supp. Pls.' Mot. ("Pls.' Mem.") at 1; Compl. ¶ 1. For the reasons set forth below, the Court will grant the Doe Plaintiffs' motion for each to proceed under a pseudonym, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

---

[1]	LCvR 40.7 recently was amended to assign to the Chief Judge responsibility to resolve motions to proceed under pseudonym.  An Order approving this amendment was signed, but the version of the Local Rules on the Court's website has not yet been updated to reflect this change.  An amended Order will be signed shortly,

## I.      BACKGROUND

"The Doe Plaintiffs . . . are five Afghan and Iraqi citizens" who, "[f]rom 2006 to the

present . . . have served [U.S.] government agencies and government contractors in support of

[U.S.] military operations and reconstruction efforts in Afghanistan and Iraq."  Pls.' Mem. at

1.  "[E]ach Doe Plaintiff has experienced—and is experiencing—persecution in Afghanistan

or Iraq, where the Doe Plaintiffs currently reside, as a result of their service to the [U.S.]

government."  *Id.*  The Doe Plaintiffs assert that their public identification "would gravely

compound the mortal danger the Doe Plaintiffs and their families already face from terrorists

and other militant groups in Afghanistan and Iraq."  *Id.* at 2.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties.  FED. R. CIV. P. 10(a) ("The

title of the complaint must name all the parties;"); LCvR 5.1(c)(1) ("The first filing by or on

behalf of a party shall have in the caption the name and full residence address of the party"

and [f]ailure to provide the address information within 30 days of filing may result in the

dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR

5.1(c)(1)).  The public's interest "in knowing the names of [] litigants" is critical because

"disclosing the parties' identities furthers openness of judicial proceedings."  *Doe v. Pub.*

*Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy

at which time the amendment to LCvR 40.7 will be published on the Court's website.  At this time, however, the
version of the Local Rules currently in effect assign to the Chief Judge responsibility to resolve motions to
proceed under pseudonym.

2

public records and documents, including judicial records and documents.").  Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant."  *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit.  The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015).  In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied.  *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016).  These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S.Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3,

2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW); *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (JDB); *Doe v. Von Eschenbach*, No. 06-2131 (RMC), 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants."

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "'inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness

4

to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1464 (internal citations and quotations omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant").

## III.    DISCUSSION

At this early stage of the litigation, this Court is persuaded that the Doe Plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in the litigants' identity is *de minimis* compared to the significant risk of deadly violence to which public identification might expose the Doe Plaintiffs and their families.

In this case, the Doe Plaintiffs have described the threat of "mortal danger . . . from terrorists and other militant groups in Afghanistan and Iraq" to which public identification would expose the Doe Plaintiffs and their families. Pls.' Mem. at 2. The Doe Plaintiffs' motion to proceed pseudonymously "is made to preserve their safety—and the safety of their families—from the Taliban, ISIS (aka Daesh), and other militant groups in Iraq and Afghanistan, not to 'avoid the annoyance and criticism that may attend litigation.'" Pls.' Mem. at 4 (quoting *Chao*, 587 F. Supp. 2d at 99 (alterations omitted)). As support, the plaintiffs have submitted detailed declarations articulating the deadly threats they and their

families already face from terrorist and militant groups, and how public identification would only exacerbate these threats.  *Id.*; *see* Pls.' Mot., Exs. C–G, Doe Pls.' Decls.  Indeed, the Doe Plaintiffs and their families already have been targeted for violent attacks and threats due to their service on behalf of the United States.  *See generally* Doe Pls.' Decls.  Identification on the public record thus would expose the Doe Plaintiffs and their families to a high "risk of retaliatory physical or mental harm." *Chao*, 587 F. Supp. 2d at 99.  The risk of retaliation is especially acute as to the Doe Plaintiffs' children, spouses, parents, and extended family members, who are "innocent non-parties."  *Id.*; *see* Doe Pls.' Decls. (describing threatened and actual violence committed against Doe Plaintiffs' family members).

As to the non-moving parties' interests, allowing the Doe Plaintiffs to proceed under pseudonyms will have no impact on any private rights, as the only defendants are governmental entities and officers.  The Doe Plaintiffs' identities, moreover, "are already known to Defendants in connection with their past service to the United States and their SIV applications."  Pls.' Mem. at 6.  Moreover, the Doe Plaintiffs do not object, "[f]or the specific purposes of this action," to "mak[ing] their identities known to Defendants under an appropriate protective order once counsel for Defendants has been designated."  *Id.*  As such, "Defendants' ability to defend this action will not be compromised in any way by permitting the Doe Plaintiffs the relief sought here."  *Id.*  Finally, any public interest in disclosure of the Doe Plaintiffs' identities is significantly outweighed by the deadly threat to the Doe Plaintiffs and their families that such disclosure would entail.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant interest in maintaining their anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings.  *See*

*Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'"  (quoting *Nat'l Ass'n. of Retired Fed. Emps. v. Horner,* 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File a Complaint and Motion for Class Certification Under Pseudonyms is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonyms "John/Jane Does Alpha, Bravo, Charlie, Delta, and Echo." The plaintiffs shall file under seal the document containing each plaintiffs' actual name and address.

**SO ORDERED.**

Date: June 12, 2018.

_____
BERYL A. HOWELL
Chief Judge