**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,

Plaintiffs,

– against –

MICHAEL R. POMPEO, et al.,

Defendants.

Case No. 1:18-cv-01388

**STIPULATED AMENDED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by the parties hereto, through their undersigned counsel, subject to the Court's approval, and pursuant to Fed. R. Civ. P. 26(c), that the following provisions shall govern the exchange of sensitive or protected information in connection with this case, including, without limitation, documents, electronically stored information ("ESI"), testimony, and other information produced or exchanged during the course of the above-captioned proceeding.

1. Proceedings in this case may require production of documents and/or exchange of information that the parties or the producing party may consider confidential or prohibited from public release and, thus, require protection against unrestricted disclosure and use.

2. The producing party may designate documents, ESI, or other materials "Protected," as specified below. The producing party shall apply a designation of "Protected" only when that party has a reasonable, good faith belief that the information so designated constitutes "Protected" material. The protections conferred by this Order cover not only the Protected information itself,

but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in court or in other settings that might disclose Protected material to persons not authorized to receive such material.

a. Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosures or discovery material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced. Such designations must be made in good faith.

b. "Protected" Information or Items. The "Protected" designation means information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this action that are entitled to protective treatment under Fed. R. Civ. P. 26(c), information that would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, including under the exemption found at 5 U.S.C. § 552(b)(7)(E), and personal information that is protected from disclosure by statute, regulation, or otherwise entitled to protection from public disclosure. Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this action that reveal or make it possible to discern the identity of any putative class member ("Plaintiff") or which would, in the good faith judgment of the producing party, be detrimental to the safety of any Plaintiff, shall be designated as "Protected."

c. The designation of materials as "Protected" shall be made as follows:

(1) for produced documents, by imprinting the word "Protected" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials;

(2) for written discovery responses, by imprinting the word "Protected" next to or above any response to a discovery request on each page of a response;

(3) for depositions, by indicating on the record at the deposition which portions of the transcript and/or responses should be treated as "Protected." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial or trial proceeding, the offering or sponsoring party or non-party may designate such transcript or recording, or any portion thereof, as "Protected" by notifying all parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "Protected." All transcripts or recordings of depositions shall be treated as "Protected" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. Transcript pages containing Protected material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Protected," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony;

(4) for ESI, either by imprinting the word "Protected" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Protected" in the transmittal cover letter.

3. Any information or documents designated as "Protected" shall be used only in the prosecution and defense of this case, and shall be restricted solely to the following persons unless and until this Court rules that any such "Protected" information should be disclosed beyond the limits permitted by this Order:

a. Counsel for the parties, including paralegals, office clerks, secretaries, and other support staff assisting those attorneys, involved in litigating this case;

b. The parties to this action and their employees, officers, directors, and in-house counsel;

c. Experts and consultants retained by the attorneys in this case provided that each such expert and consultant shall first execute a copy of Exhibit A, attached hereto, and provide a copy of the executed Exhibit A to the producing party;

d. Non-party deponents and witnesses at trial, on the condition that they are first placed on notice and agree by signing the Certificate of Compliance (Exhibit A) that they are prohibited from disclosing or making use of any such "Protected" information which may be disclosed to them in the course of discovery or any other proceeding in this case, and who agree on the record that they will maintain the protected nature of the information disclosed;

e. The Court, Court personnel and staff, and stenographers and videographers at any deposition or Court proceeding;

f. United States government officials involved in the processing or adjudication of any application for a special immigrant visa filed by any Plaintiff.

4. Copies of Protected documents may be made for the experts and consultants described in paragraph 3(b), provided such individuals comply with the requirements of paragraph 3(b).

5. All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court during this action which have been designated by any party as "Protected," pursuant to paragraph 2(c) above, and all pleadings, memoranda and other documents

purporting to reproduce or paraphrase such "Protected" information, shall be filed in accordance with the Court's procedure for filing documents under seal.

6. All "Protected" information, as well as duplicates and other documents referring in whole or in part to the "Protected" information and the information contained therein, shall be maintained in the strictest confidence by all counsel and persons to whom disclosure is made pursuant to section 3 of this Order, and shall be used only for purposes of this suit, and shall not be disclosed to anyone other than the persons and in the manner described in section 3 herein.

7. Final termination of the Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order.

a. Upon final termination of the Litigation by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the Parties may agree upon, and upon written request of the producing Party, all "Protected" Material and copies of "Protected" Material, including such material in the hands of outside experts or consultants, shall be delivered to counsel of record for the Producing Party of such material. In the absence of any such written request, any "Protected" Material shall be destroyed within sixty (60) calendar days of final termination of the Litigation. In the event of destruction, the producing Party shall promptly be advised in writing that such "Protected" Material has been destroyed. This provision shall not apply to Defendants' use of any "Protected" Material as contemplated by section 14.

b. Any "Protected" Material filed or lodged with and retained by the Court shall not be subject to the provisions of this section 7.

c. Notwithstanding the foregoing, counsel to the parties may retain copies of briefs and other papers filed with the Court, exhibits to any briefs and other papers filed with the

Court, deposition transcripts or transcripts of any other proceeding in this litigation, discovery responses, attorney work product that contains or constitutes "Protected" Material, and expert work product. Further, counsel to the parties are not required to delete information that may reside on their firm's electronic back-up systems that are over-written in the normal course of business. Any such archival copies that contain or constitute "Protected" Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

d. Nothing in this section 7 will be read as modifying or altering Defendants' existing legal obligation and policies with respect to document retention, which may require preservation of information beyond this period.

8. Entry of this Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof, or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of this action. If a party disagrees with a producing party's designation of information as "Protected," or disputes the limitations on access to be accorded such information under this Order, the party contesting the designation or restriction on access shall provide to the producing party written notice of its disagreement and specifically identify the information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the parties within ten (10) days of the producing party's receipt of the written notice, the party contesting the designation or restriction on access may seek a determination from the Court with respect to the propriety of the designation. The producing party shall then have fourteen (14) days from the filing of a motion contesting the designation or restriction on access to file an opposition to such motion, following which the contesting party shall be afforded seven (7) days to file a reply. The "Protected" status of the

challenged material shall be maintained until the Court shall rule on the motion. While the challenging party must initiate the motion before the Court, the party seeking protection under this Order bears the burden to demonstrate that the "Protected" designation is appropriate. A challenge under this paragraph shall not affect a party's right of access to "Protected" material or to disclose information as provided for in this Order.

9. Nothing contained in this Order or any designation of "Protected" hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as "Protected" is entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law. Nothing in this Order shall be construed as granting any person or entity a right to receive specific "Protected" information where a court has entered an order precluding that person or entity from obtaining access to that information. The parties specifically reserve the right to challenge the designation of any particular information as "Protected," and agree that no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the introduction or use as evidence of any of the disclosures or discovery material covered by this Order. Furthermore, the parties specifically reserve the right to apply to the Court for a further protective order or in camera inspection relating to any "Protected" information or discovery material, and the right to seek a modification of this Order.

10. For the avoidance of doubt, this Order, governing the exchange of sensitive or protected information in connection with this action, is without prejudice to the Court's Order of June 12, 2018, allowing Plaintiffs to proceed by pseudonym, and all provisions thereof, which remain in effect and binding upon the Parties. The Parties hereby agree that any public filings shall

use the Plaintiffs' pseudonyms, and that personal information such as their home addresses shall be redacted to prevent revealing Plaintiffs' identities to the public.

11. The restrictions set forth in this Order shall not apply to documents, things, or information that: (a) have been publicly disclosed or become public knowledge in a manner other than through a violation of this Order; or (b) a party or individual has independently obtained, other than through receipt of information designated as "Protected" under this Order.

12. Nothing in this Order shall be construed as requiring waiver of any privilege or as overriding any statutory, regulatory, or other protection from disclosure, including but not limited to 8 U.S.C. § 1202(f) and 8 C.F.R. §208.6.

13. If information protected or prohibited from disclosure is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, work product or other immunity, or any other legally cognizable privilege or other protection.

14. The parties hereby expressly incorporate the procedures and protections of Federal Rule of Evidence 502. If a party has produced material that contains information protected or prohibited from disclosure, due to the existence of attorney-client privilege, attorney work product protections, deliberative process privilege, or law enforcement privilege, then upon written request by that party after discovery of such production, the other party shall return or destroy the material for which such a claim is made and all copies of it, and destroy any work product containing, identifying, or referencing such material within five (5) days of such request.

15. Notwithstanding the foregoing, a party that receives notice of production of information protected or prohibited from disclosure, shall have five (5) days to give notice that it

challenges such assertion, and ten (10) days from its notice to file a motion to compel production of the material.

Dated: Washington, DC
March 18, 2019

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: /s/ Shannon M. Leitner
Linda H. Martin (No. NY0210)
Shannon M. Leitner (No. NY0268)

601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
linda.martin@freshfields.com
shannon.leitner@freshfields.com

Deepa Alagesan (No. NY0261)
Mariko Hirose (No. NY0262)
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
One Battery Park Plaza, 4th Floor
New York, NY 10004
Tel: (516) 838-7044
dalagesan@refugeerights.org
mhirose@refugeerights.org

*Attorneys for Plaintiffs and Proposed Class Counsel*

UNITED STATES DEPARTMENT OF JUSTICE

By: /s/ Joseph F. Carilli, Jr.
Joseph F. Carilli, Jr. (No. NH15311)
William M. Martin (No. PA84612)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT STATION
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 616-4848
joseph.f.carilli2@usdoj.gov
william.martin@atr.usdoj.gov

*Attorneys for Defendants*

**IT IS SO ORDERED:**

Tanya S. Chutkan Digitally signed by Tanya S. Chutkan
Date: 2019.03.20 15:49:25 -04'00'

Dated: March 20, 2019

Tanya S. Chutkan
United States District Judge

EXHIBIT A

**CERTIFICATE OF COMPLIANCE**

Protected information, in whole or in part, and the information contained therein which has been produced by the parties to this action pursuant to the attached Protective Order have been disclosed to me, and by signing this Certificate of Compliance, I acknowledge and agree that I have read, understand, and am subject to the provisions of the Protective Order and will not disclose such Protected information in whole or in part or in any form or the information contained therein to any person, corporation, partnership, firm, governmental agency or association other than those listed in section 3 of the Protective Order.

DATE: ______________ ______________________________

Signature

______________________________

Name (print)