UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO, *et. al.*,<br><br>Defendants. | Civil Action No. 18-cv-01388 (TSC) |

## MEMORANDUM OPINION

By Memorandum Opinion and Order dated September 20, 2019, this court found that Defendants have unreasonably delayed the processing of Plaintiffs' Special Immigrant Visa ("SIV") applications. (ECF Nos. 75, 76.) Defendants have moved the court to reconsider that finding. (ECF. No. 79 ("Defs. Mot. for Reconsideration").)

### I. BACKGROUND

The court assumes the parties' familiarity with the facts of this case and recites only what is necessary to resolve the issues now before it.[1]

To successfully obtain admission into the United States through the SIV program, Iraqi and Afghan nationals must complete fourteen steps. Of relevance here are steps one through four and step nine. Step one is the submission of an application to the Chief of Mission

---

[1] Additional background information can be found in the court's January 30, 2019 Memorandum Opinion (ECF No. 47) and the September 20, 2019 Memorandum Opinion (ECF No. 75).

1

("COM"). (*See* ECF No. 36-14 ("January 2018 Joint Report") at 58–64.) By step four, applicants receive approval or denial from the COM. (ECF No. 31 ("Am. Compl.") at ¶ 31.) After additional processing in steps five through eight, at step nine, the applicant submits documents to the National Visa Center. (*Id*.) Defendants acknowledge that they control all steps except for 1, 6, 9, and 14 (related to submission of documents and the medical examination). (*Id.* ¶ 32; ECF No. 3-3 at 3–4.)

Also relevant here is the statutory 9-month timetable for the steps to be completed, as well as the exception for high-risk cases requiring additional time:

> 4) Application process.--
>
> A) In general.--Not later than 120 days after the date of the enactment of the National Defense Authorization Act for Fiscal Year 2014 [Dec. 26, 2013], the Secretary of State and the Secretary of Homeland Security, in consultation with the Secretary of Defense, shall improve the efficiency by which applications for special immigrant visas under paragraph (1), are processed so that all steps under the control of the respective departments incidental to the issuance of such visas, including required screenings and background checks, should be completed not later than 9 months after the date on which an eligible alien submits all required materials to complete an application for such visa.
>
> (B) Construction.--Nothing in this section shall be construed to limit the ability of a Secretary referred to in subparagraph (A) to take longer than 9 months to complete those steps incidental to the issuance of such visas in high-risk cases for which satisfaction of national security concerns requires additional time.

AAPA § 602(b)(4), RCIA § 1242(c) (same, except title is "Improved application process").

## II. STANDARD

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) is "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (citations omitted).

## III. ANALYSIS

Defendants contend the court clearly erred in two respects. The first relates to the question of when the statutes' 9-month timetable begins to run; the second relates to the court's finding that Defendants unreasonably delayed adjudicating applications that have now been deemed high-risk.

### A. <u>Nine-Month Timetable</u>

In its September 20, 2019 Memorandum Opinion, this court used the 9-month timetable to evaluate the reasonableness of the delay experienced by applicants at *all* government-controlled steps in the SIV application process (steps 1-5, 7, 8, 10-13). (ECF No. 75 at 8–13.) Defendants argue that the timetable should only apply to those who have completed step 9. (Defs. Mot. for Reconsideration at 10–11.) This issue was extensively briefed by both sides before the court's earlier ruling, and the court finds no basis to reconsider that ruling.

Defendants' position is based on their interpretation of the terms "eligible alien" and "application for such visa" in the relevant statutes. The RCIA and AAPA provide that:

> all steps under the control of the respective departments incidental to the issuance of such visas, including required screenings and background checks, should be completed not later than 9 months after the date on which an *eligible alien* submits all required materials to complete an *application for such visa*.

AAPA § 602(4)(A); RCIA § 1242(c)(1) (emphasis added).

Defendants contend that the 9-month deadline cannot start until step 4 because the deadline only applies to "eligible aliens," and eligibility is not established until Step 4. In their words, because "eligibility is determined by the consular office" at step 4 "there is no alternative interpretation that is faithful to existing law." (Defs. Mot. for Reconsideration at 9.)

3

This argument is unavailing because while the COM may *confirm* eligibility, they do it does not *establish* eligibility. Eligibility is determined by the role of the applicants who, in this case, "provided faithful and valuable service to the United States Government" and "experienced or [are] experiencing an ongoing serious threat as a consequence of [their] employment." RCIA § 1242(a)(2), 1244(b)(1); AAPA § 602(b)(1)-(2). The COM simply confirms those facts. In other words, visa applicants are eligible once they meet the necessary criteria; COM approval is a confirmation of that eligibility.[2] Thus, Defendants' assertion that Plaintiffs awaiting COM approval are not yet "eligible" is unpersuasive.

Defendants next argue that limiting the 9-month deadline to those who complete an "application for such visa" would mean the deadline applies only to those who have completed Step 9. (Defs. Mot. for Reconsideration at 9.) In other words, they argue, an applicant has not submitted an "application for such visa" until Step 9, and thus is not protected by the 9-month timetable until then. This interpretation is inconsistent with the rest of the relevant statutes, which explicitly provide that the 9-month timetable applies to "all steps under the control of the respective departments incidental to the issuance of such visas . . ." AAPA § 602(4)(A); RCIA § 1242(c)(1).

Moreover, the interpretation urged by the Defendants is inconsistent with holdings in this District on this very issue. *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 275–76, 293 (D.D.C. 2016) ("The text of the statutes makes clear that . . . the timeline applies to each of the fourteen steps . . . that are within Defendants' control, including 'administrative processing'

---

[2] Normally, a person is "eligible" when they personally satisfy the relevant criteria, and this status exists before any official gives a stamp of approval. For example, an individual becomes "eligible" to vote when they turn the legal age or become a U.S. citizen; they do not become "eligible" when their voter registration card is issued. The card is merely confirmation that the individual can vote.

and 'COM Approval.'"); *Airaj v. United States*, No. CV 15-983 (ESH), 2016 WL 1698260, at *9 (D.D.C. Apr. 27, 2016), *aff'd sub nom.*, *Airaj v. U.S. Dep't of State*, No. 16-5193, 2017 WL 2347794 (D.C. Cir. Mar. 30, 2017) ("the statute gives the State Department 9 months to adjudicate SIV applications, a timeline which includes all steps 'incidental to the issuance of [SIV] visas,' 'including . . . COM approval.' . . .") (citation omitted). Although these rulings are not binding on this court, the court nonetheless finds their reasoning persuasive. Therefore, this court remains persuaded that the 9-month timetable applies to individuals at all steps under Defendants' control.[3]

### B. High-risk Applications

Defendants also argue that in its deciding that Defendants unreasonably delayed in the SIV application process, the court improperly included class members with applications considered high-risk. Defendants argue that because the RCIA and AAPA create an exception to the 9-month timetable for individuals deemed to be high-risk, the court cannot find delay in processing their applications unreasonable and cannot order prompt adjudication of their applications. (Defs. Mot. for Reconsideration at 18.) While the statutes do create such an exception, it does not follow that relief cannot be granted to individuals deemed high-risk. First, Defendants maintain a non-discretionary duty under the APA to avoid unreasonable delay, and this duty applies to all class members alike, with no exception for high-risk applicants whose applications may take longer than 9 months to process. *See* 5 U.S.C. § 706(1); *see also Telecomm. Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984). Second, the

---

[3] Even if the 9-month timetable did not apply to applicants at all steps, the APA itself provides a cause of action for required agency actions to be completed within a reasonable amount of time. *See Nine Iraqi Allies*, 168 F. Supp. 3d at 293 ("the APA imposes a duty on Defendants to act within a 'reasonable' time on Plaintiffs' applications.").

ordered relief (that Defendants propose a plan to promptly adjudicate applications) gives Defendants the flexibility to accommodate processing applications considered high-risk and still meet their obligations under the RCIA and AAPA. The court notes that the only individual whose application was deemed high-risk waited in Government-controlled steps for longer than five years, and thus experienced unreasonable delay under the 9-month timetable as well as under the APA more generally. (Am. Compl., ¶ 57).

## IV. CONCLUSION

For the foregoing reasons, this court finds that there is no basis to reconsider earlier findings.

Date: February 5, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge