UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO, *et. al.*,<br><br>    Defendants. | Civil Action No. 18-cv-01388 (TSC) |

## ORDER

"The same issue presented a second time in the same case in the same court should lead to the same result." *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999). In their opposition to class certification, Defendants argued that a 2019 amendment to the AAPA introduced heterogeneity into the proposed class, and therefore "foreclose[d] any ability for Plaintiffs to plead commonality and typicality and any resolution by the Court that could satisfy Rule 23(b)(2) that 'final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" (ECF No. 78, Def. Supp., at 19.) The amendment, passed by Congress in the FY2019 Consolidated Appropriations Act, directs the Secretary of State to "develop[] and implement[] a system to prioritize the processing of Afghan applicants for special immigrant visas . . ." Pub. L. 116-6, § 7076(b)(1). Defendants took the position that if, by virtue of this amendment, some members of the class are prioritized over others, class certification

would be improper because their interests would diverge and the court would not be able to grant common relief. (Def. Supp. at 21.) In certifying the class, the court disagreed:

> Because nothing in this amendment eliminates the 9-month timetable or in any way relieves Defendants of that obligation, the amendment does not undermine the certification of the class or the court's remedy. Furthermore, to the extent the amendment does lead to policy changes by Defendants regarding prioritization, Plaintiffs' requested relief accommodates such changes, because they seek a plan for prompt adjudication rather than a fixed outcome as to any particular applicant. Plaintiffs simply ask that whatever prioritization the agency chooses be consistent with prompt adjudication.

(ECF No. 88, Mem. Op. at 28.) Now, Defendants move to de-certify the class, based on the same argument that the court previously rejected: "As a result of the Prioritization Plan, the Secretary will treat class member [sic] differently—prioritizing higher priority class members over other class members in order to increase the likelihood that the highest priority applicants have a visa number available. This heterogeneity makes Rule 23(b)(2) certification no longer appropriate." (ECF No. 98, Mot. to De-Certify, at 24.)

Defendants acknowledge, in a footnote, that the court already ruled against them on this issue but assert that two recent events warrant new analysis. (*Id.* at 17, n.6.) First, they argue, at the time of class certification, "the Department of State had not implemented the Prioritization Plan." (ECF No. 105, Reply, at 2.) That is incorrect; the court did not certify the class until February 5, 2020, and as Defendants point out, "on November 12, 2019, the Secretary of State implemented the Prioritization Plan." (Mot. to De-Certify at 13.) Moreover, even if Defendants were correct that the plan had not been implemented prior to class certification, that would not alter the court's analysis. The court's ruling specifically contemplated the effects of a prioritization plan and determined that it did not undermine class certification. (Mem. Op. at 16.)

Defendants also urge renewed analysis because "the Court did not consider the impact of the FY2020 National Defense Authorization Act ("FY2020 NDAA")." (Reply at 2.) It is true that the court did not consider this particular statute, which was passed in December 2019. After its passage, Defendants provided no supplement indicating that it had any bearing on their position. The court did, however, consider the issue raised by the statute. Defendants argue that the passage of the statute means that the Department of State will "prioritize the processing of applicants and aim to ensure the highest priority applicants have a visa number available." (Mot. to De-Certify at 19.) In other words, Defendants claim that the FY2020 NDAA introduces prioritization within the class, and therefore undermines the requirements for class certification. But the court already determined that prioritization within the class does not undermine class certification, because nothing about internal prioritization alters the statutory timeframe of adjudication within nine months, that is common to all.

The court agrees with Plaintiffs that the law of the case doctrine "precludes revisiting this issue." (ECF No. 102, at 9.) Under that doctrine, "a court involved in later phases of a lawsuit should not re-open questions decided (*i.e.* established as the law of the case) by that court in earlier phases." *Ferring Pharm., Inc. v. Azar*, 296 F. Supp. 3d 166, 175 (D.D.C. 2018) (citing *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)). Because the court already ruled that prioritization within the class does not preclude class certification, the court will not re-open the question now. Moreover, none of the exceptions to the law of the case doctrine apply. *See Melong v. Micronesian Claims Commn.*, 643 F.2d 10, 17 (D.C. Cir. 1980) (acknowledging exceptions where "evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice"). The court already

considered the Secretary of State's implementation of a prioritization plan, and though the FY2020 NDAA does enact certain changes, they do not alter the questions that were previously decided by this court.  Because the same issue raised in the same case should lead to the same result, Defendants' Motion to De-Certify the Class is hereby DENIED.

Date:  June 23, 2020

*Tanya S. Chutkan*
TANYA S.  CHUTKAN
United States District Judge