UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AFGHAN AND IRAQI ALLIES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICHAEL R. POMPEO, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:18-cv-01388-TSC |

**DEFENDANTS' RULE 58(d) MOTION FOR ENTRY OF FINAL JUDGMENT AND, IN THE ALTERNATIVE, ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b)**

Defendants hereby move this Court to direct entry of final judgment on all counts in Plaintiffs' Amended Complaint (ECF No. 23) under Rule 58(d) of the Federal Rules of Civil Procedure. This Court's June 14, 2020 order (ECF No. 113) approving and adopting the Joint Adjudication Plan and implementing the merits decision of September 20, 2019 (ECF Nos. 75 and 76), disposes of all counts, and grants the relief sought by Plaintiffs. In the alternative, Defendants hereby move this Court to direct entry of partial final judgment on Count One and Count Two of Plaintiffs' Amended Complaint under Rule 54(b) of the Federal Rules of Civil Procedure and enter a final, appealable order under 28 U.S.C. § 1291.[1] A Memorandum of Points and Authorities and Proposed Order accompany this Motion.

---

[1] On December 11, 2020, and pursuant to Local Rule 7(m), Defendants' counsel conferred with Plaintiffs' counsel regarding this motion via telephone. Plaintiffs' counsel stated that they oppose the motion.

1


Dated: December 11, 2020					Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
Assistant Director

STEVEN A. PLATT
Senior Litigation Counsel

JOSEPH F. CARILLI, JR.
Assistant U.S. Attorney

*/s/Ruth Ann Mueller*
RUTH ANN MUELLER
D.C. Bar No. 1617339
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington D.C. 20044
202-598-2445
*Counsel for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 58(d) MOTION FOR ENTRY OF FINAL JUDGMENT AND, IN THE ALTERNATIVE, ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b)**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1
II. PROCEDURAL BACKGROUND .................................................................................... 1
III. ARGUMENT ..................................................................................................................... 3
    a. The Court Should Enter a Final Judgment Pursuant to Rule 58 Because the Court Has Ruled on the Central Claim in This Matter. ................................................................. 3
    b. In the Alternative, the Court Should Enter a Rule 54(b) Judgment on the Declaratory Judgment Counts. ......................................................................................................... 5
IV. CONCLUSION .................................................................................................................. 9

## I. INTRODUCTION

Defendants ask this Court to enter final judgment on all counts in Plaintiffs' Amended Complaint under Rule 58(d) because this Court's June 14, 2020 (ECF No. 113) order approving and adopting the Joint Adjudication Plan and implementing the merits decision of September 20, 2019 (ECF Nos. 75 and 76), disposes of all counts. Alternatively, should the Court not agree that final judgment on all counts under Rule 58(d) is appropriate, Defendants ask this Court to direct entry of partial final judgment on Count One and Count Two of Plaintiffs' Amended Complaint under Rule 54(b).

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their operative, Amended Complaint on July 12, 2018. ECF No. 23. Plaintiffs allege a single claim against Defendants: that Defendants had unreasonably delayed the adjudication of immigration benefit applications: application for Chief of Mission approval, Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, and DS-260 visa application (collectively, "SIV Applications") submitted by certain Iraqi and Afghan nationals under the Refugee Crisis in Iraq Act of 2007 ("RCIA"), John Warner National Defense Authorization Act for Fiscal Year 2007, Pub. L. No. 110-181, § 1244, 122 Stat. 395 (Oct. 17, 2006), and the Afghan Allies Protection Act of 2009 ("AAPA"), Omnibus Appropriations Act 2009, Pub. L. No. 111-8, § 602, 123 Stat. 807 (Mar. 11, 2009). *See* Am. Compl. ¶ 12. Plaintiffs prayed for five types of relief on their claim: Counts One and Two were for declaratory judgment of unreasonable delay and APA relief for unreasonable delay (collectively, the "Declaratory Judgment Counts"). Count Three sought a writ of mandamus to compel adjudication of special immigrant visa ("SIV") applications (the "Mandamus Count"). Counts Four and Five sought APA and mandamus relief compelling Defendants to designate SIV monitors ("SIV Coordinator

1

Counts") required under RCIA and AAPA.  Am. Compl. at 27.  On September 7, 2018, Plaintiffs filed a Motion for Preliminary Injunction.  ECF No. 34.  On September 20, 2019, the Court granted in part and denied in part Plaintiffs' preliminary-injunction motion, and granted summary judgment for Plaintiffs on the Declaratory Judgment Counts.  *Afghan & Iraqi Allies v. Pompeo*, No. 18-cv-1388, 2019 WL 4575565, at *1 (D.D.C. Sept. 20, 2019).  The Court ruled that Defendants did unreasonably delay adjudications, and ordered Defendants to submit a proposed adjudication plan for prompt processing and adjudicating of applications.  *Id.* at *11-12; ECF No. 76, Order.  On February 5, 2020, the Court granted Plaintiff's Motion for Class Certification.  ECF No. 88.  On March 23, 2020, Defendants filed a Motion to De-Certify the Class.  ECF No. 98.  On April 15, 2020, the Court ordered the parties to submit a joint adjudication plan ("Joint Adjudication Plan").  ECF No. 106.  On June 14, 2020, the Court approved the parties' Joint Adjudication Plan.  ECF No. 113.  On June 23, 2020, the Court denied Defendants' Motion to De-Certify the Class.  ECF No. 114.

Defendants filed a notice of appeal from the Court's several orders, including the order granting summary judgment to Plaintiffs and the order approving the Joint Adjudication Plan.[2]  ECF No. 117.  Plaintiffs moved the D.C. Circuit to dismiss the appeal for lack of jurisdiction.  Defendants' response to that motion is due January 27, 2021.

---

[2] Specifically, on August 12, 2020, Defendants filed a notice of appeal from six orders: (1) the September 20, 2019 summary judgment order; (2) the February 5, 2020 class certification order; (3) the February 5, 2020 order denying reconsideration; (4) the April 15, 2020 order directing creation of a joint plan; (5) the June 14, 2020 order entering the Joint Adjudication Plan; and (6) the class-decertification denial order of June 23, 2020.

## III. ARGUMENT

The government maintains that the D.C. Circuit has appellate jurisdiction over Defendants' appeal. But the matter is not free of doubt, and to remove all doubt and to facilitate a clean consideration of the merits of any appeal that Defendants ultimately take, Defendants respectfully ask the Court to enter a final judgment on all Counts of Plaintiff's Amended Complaint under Rule 58 or, in the alternative, on Counts One and Two of Plaintiff's Amended Complaint under Rule 54(b).

### a. The Court Should Enter a Final Judgment Pursuant to Rule 58 Because the Court Has Ruled on the Central Claim in This Matter.

This Court should enter final judgment under Federal Rule of Civil Procedure 58 because the Court has resolved Plaintiffs' sole claim in this matter.

A final judgment "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (internal citations omitted). As the D.C. Circuit has explained, "[a] final decision is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." *United States v. W. Elec. Co.*, 777 F.2d 23, 26 (D.C. Cir. 1985). "A pragmatic approach to the question of finality has been considered essential to the achievement of the 'just, speedy, and inexpensive determination of every action.'" *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962) (internal citations omitted).

Under those principles, the Court should enter final judgment. Plaintiffs set forth a single claim in this case: that Defendants unreasonably delayed and unlawfully withheld adjudication of their SIV Applications. *See* Am. Compl. ¶ 34 ("[T]he SIV programs faced considerable delays

3

that risked the lives over the very applicants they were intended to protect."). They prayed for several different types of relief in the event that they sustained the allegations of their complaint, *see* Fed. R. Civ. P. 8(a)(3), but their operative complaint advanced a single legal theory concerning only one set of facts: that Defendants have unreasonably delayed the processing and adjudication of Plaintiffs' SIV Applications. Thus, the Court's merits decision finding unreasonable delay and its later entry of the Joint Adjudication Plan establishing procedures for the prompt processing and adjudicating of applications resolved all counts. The Court has therefore effectively already rendered a final judgment, and it should issue a separate order under Rule 58(d) explicitly recognizing that fact.

The Mandamus Count and SIV Coordinator Counts provide no hindrance to this Court's ability to enter a final judgment on all counts. The Mandamus Count sought to compel Defendants to adjudicate class members' SIV Applications, which is duplicative of the relief requested (and provided by the Court to Plaintiffs) in the Declaratory Judgment Counts. *Compare* Am. Compl. ¶ 77 ("Plaintiffs and proposed class members are entitled to relief pursuant to 5 U.S.C. § 702 and 5 U.S.C. § 706(1) compelling Defendants to adjudicate their SIV applications) *with* Am. Compl. ¶ 83 ("Plaintiffs and proposed class members are entitled to a writ of mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to adjudicate their SIV applications). Further, as to the SIV Coordinator Counts, Defendants designated the coordinators required under the RCIA and AAPA, which was the only non-cumulative form of relief requested in Defendants' Motion to Dismiss Counts III-V of the Amended Complaint.

ECF No. 101, Ex. 1 and 2.[3]  Therefore, Plaintiffs have received the relief sought on the SIV Coordinator Counts.

There is no just reason to delay entry of final judgment where there is simply nothing more for this Court to adjudicate.  The Court should grant Defendants' motion under Rule 58(d).  Doing so will recognize the import of this Court's prior orders and will facilitate clean, unobstructed appellate review of the merits of the Court's decision.

### b. In the Alternative, the Court Should Enter a Rule 54(b) Judgment on the Declaratory Judgment Counts.

In the alternative, the Court should enter partial final judgment on the Declaratory Judgment Counts alone.  Federal Rule of Civil Procedure Rule 54(b) authorizes the Court to "direct final entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d. 44, 46 (D.D.C. 2008). Rule 54(b) offers the chance for earlier appellate review of some claims in a multi-claim or multi-party action.  *Attias v. CareFirst, Inc.*, 969 F.3d 412, 416 (D.C. Cir. 2020) (citations omitted); *e.g.*, *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  The Rule "does not relax the finality required of each decision" by section 1291, but it "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." *Attias*, 969 F.3d at 416 (citations omitted).  Three requirements must be met for an otherwise interlocutory order to be certified as a final judgment: (1) the order must resolve a distinct "claim for relief"; (2) the order

---

[3] Plaintiffs' SIV Coordinator Claims seek designation of the Senior Coordinating Officials pursuant to AAPA § 602(b)(2)(D)(ii)(II) and RCIA § 1248(h).  These claims are now moot and provide no hindrance to this Court's ability to enter a final judgment. *Yung-Kai Lu v. Tillerson*, 292 F. Supp. 3d 276, 281 (D.D.C. 2018) ("A case is considered moot either 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'").

must be "final" as to that claim; and (3) the district court must permissibly determine that there is "no just reason for delay" in entering judgment. *Id.* at 417 (quoting *Bldg. Indus. Ass'n.*, 161 F.3d at 743).

All three requirements for certifying final judgment of the Declaratory Judgment Counts are met.

First, the Court has definitively resolved at least Plaintiffs' Declaratory Judgment Counts. *Afghan & Iraqi Allies*, 2019 WL 4575565, at *6. The Court's Order states that "before the court is Plaintiffs' motion for a preliminary injunction on Counts One and Two of the Amended Complaint" (ECF No. 75) and the Court "declared that Defendants' delays in the processing and the adjudication of the SIV Applications of the Plaintiffs and members of the Class are unreasonable in light of [RCIA] and [AAPA]" (ECF No. 76). Plaintiffs "[did] not ask this Court to order the immediate adjudication of the applications as a remedy for Defendants' delay." *Id.* at *11. There is no question that the Court ruled on the Declaratory Judgment Counts, and Plaintiffs have received the relief sought on those two counts.

Second, the Court's resolution of the Declaratory Judgment Counts is "final" as to those counts. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (the finality requirement is to be given a "practical rather than a technical construction"). In particular, the Court's decision of June 14, 2020, approving and adopting the Joint Adjudication Plan and enforcing the Declaratory Judgment Counts order is final. In its merits decision, the Court directed Defendants to submit a plan for promptly processing and adjudicating the applications of current class members. *Afghan & Iraqi Allies*, 2019 WL 4575565 at *11. The Court's decision also directed Defendant to submit periodic progress reports to the Court. *Id.* The Joint Adjudication Plan implements a methodology for Defendants to follow when processing and

adjudicating class members' SIV Applications. *See* ECF No. 113-1. It provides concrete instructions for each step of the SIV Application process: the Chief of Mission ("COM") application process (including appeals), the Form I-360 Petition adjudication process, the visa interview process, and visa issuance. ECF No. 113-1 at 2-7. The Joint Adjudication Plan also directs Defendants to lodge progress reports with the Court. ECF No. 113-1 at 7. The Court both resolved Plaintiffs' prayer for relief and resolved the substantive issue, and the decision is final even as implementation and oversight continue. *W. Elec. Co.*, 777 F.2d at 28 (explaining that an order that purports to be nonfinal can be final if it "appears that the district court has made up its mind.") (analyzing *Morales v. Turman*, 535 F.2d 864 (5th Cir. 1976), *rev'd on grounds other than finality*, 430 U.S. 322 (1977)).

Finally, there is no just reason for delay and Defendants would be prejudiced if they cannot appeal the Declaratory Judgment Counts at this juncture. Plaintiffs' claims fall into three distinct categories: the Declaratory Judgment Counts, the Mandamus Count, and the SIV Coordinator Counts. The Declaratory Judgment Counts focus specifically on a declaration regarding Defendants' processing and adjudication of SIV applications. ECF No. 76. Separate and apart from the Declaratory Judgment Counts, the Mandamus Count was not separately decided in the Summary Judgment Decision. *Afghan & Iraqi Allies*, 2019 WL 4575565 at *1-2 ("Plaintiffs "[did] not ask this Court to order the immediate adjudication of the applications as a remedy for Defendants' delay."); *see generally Ben-Rafael v. Islamic Republic of Iran*, 718 F. Supp. 2d 25, 33 (D.D.C. 2010) ("[T]he other claims all focus on the nature of the other defendants . . . because the other claims only seek declaratory relief as to each defendants' status."). Likewise, the SIV Coordinator Counts involve the designation of Senior Coordinating Officials for the adjudication process. Am. Compl. at 27. There is a lack of harm to the judicial

7

administration of this case if only the Declaratory Judgment Counts are certified under Rule 54(b). The Mandamus Count and the SIV Coordinator Counts may still proceed unbridled by the Declaratory Judgment Counts in these district court proceedings.

In *Baystate Medical Center v. Leavitt*, the Court held that the judicial administrative interest in avoiding piecemeal appeals would not be compromised with an entry of judgment on a single claim. *Baystate*, 587 F. Supp. 2d at 44-47. There, a hospital challenged the Department of Health and Human Services' ("HHS") Medicare adjustment calculations ("DSH claims") and sought relief where HHS had a duty to produce certain patient records. *Id.* at 45-46. The Court found the DSH claim "separable" from the others, and granted an entry of judgment for that single claim, finding it "unlikely that the appellate court will be faced with the same issues more than once in the event a future decision on the remaining counts is separately appealable." *Id.* at 47. Despite the overlap in issues between the DSH claims and duty to produce claims in *Baystate*, the Court still found it "unlikely" that the entry of judgment on one claim would cause the administrative concerns that Rule 54(b) seeks to avoid. *Baystate,* 587 F. Supp. 2d at 47.

Here, the Declaratory Judgment Counts are "separable" from the Mandamus Count and SIV Coordinator Counts, and an entry of partial final judgment on the Declaratory Judgment Counts only will not create a piecemeal appeal. *Baystate,* 587 F. Supp. 2d at 47; *see Taylor v. FDIC*, 132 F.3d 753, 760 (D.C. Cir. 1997) (Rule 54(b) balances "the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice"). Similar to the overlap in issues in *Baystate*, where all claims involved the hospital's challenge of HHS's Medicare practices, the Amended Complaint's five counts all relate to Plaintiffs' challenges to Defendants' processing and adjudication of SIV Applications. Notwithstanding this overlap, it is "unlikely"

8

that the entry of judgment on the Declaratory Judgment Counts would cause the administrative problems that Rule 54(b) seeks to avoid.  *See Baystate,* 587 F. Supp. 2d at 47.

Further, piecemeal appeal is unlikely because the Mandamus Count would be conclusively resolved on appeal from the Declaratory Judgment Counts.  That is, if the unreasonable-delay determination on the merits is reversed or upheld, the viability of mandamus relief for the same claim of legal wrong is also resolved.  Likewise, the SIV Coordinator Counts are inextricably intertwined with the Joint Adjudication Plan entered by the Court.  Am. Compl. at 27; *see* ECF No. 101.  Thus, besides being moot, whether the SIV Coordinator Counts are viable will be determined on appeal from the Declaratory Judgment Counts since, if the unreasonable-delay determination is reversed, the coordinators' role in the adjudication process is not relevant to any legal wrong.  Hence, if the Court declines to direct the entry of judgment as to all five counts, it should do so separately as to Counts One and Two, the Declaratory Judgment Counts, under Rule 54(b).

## IV.     CONCLUSION

For the foregoing reasons, the Court should direct entry of final judgment on all claims in this matter pursuant to Rule 58(d).  Alternatively, the Court should direct entry of partial final judgment on Count One and Count Two of the Amended Complaint pursuant to Rule 54(b).

Dated: December 11, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
Assistant Director

STEVEN A. PLATT
Senior Litigation Counsel

JOSEPH F. CARILLI, JR.
Assistant U.S. Attorney

*/s/Ruth Ann Mueller*
RUTH ANN MUELLER
D.C. Bar No. 1617339
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington D.C. 20044
202-598-2445
*Counsel for Defendants*