IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY BLINKEN, *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-01388-TSC |

## DEFENDANTS' NOTICE OF LODGING PROGRESS REPORT

Defendants, through their undersigned counsel, file this notice of lodging for Defendants' Progress Report pursuant to the Court's June 14, 2020 Order, ECF No. 113, and the Court's June 14, 2020 and September 3, 2020 Minute Orders.

Defendants' Progress Report covers the period of April 1, 2021 to June 30, 2021. A copy of the Progress Report is attached as Exhibit A.

Date: July 12, 2021                                    Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

<u>/s/ Joseph F. Carilli, Jr.</u>
JOSEPH F. CARILLI, JR.
N.H. Bar No. 15311
Assistant United States Attorney
Civil Division
555 4th St. N.W.
Washington, D.C. 20530
Telephone: (202) 252-2561
Facsimile: (202) 252-2599
E-mail: joseph.carilli@usdoj.gov

*Counsel for Defendants*

# Exhibit A

# PROGRESS REPORT

Defendants submit this Progress Report as required under the Court's June 14, 2020 Order (Docket No. 113) and the Court's June 14, 2020 and September 3, 2020 Minute Orders. The Progress Report is for the period of April 1 to June 30, 2021.

**I.    Class Member Breakdown[1]**

Afghan Allies Protection Act of 2009

|  | Number of Class Members at the beginning of reporting period (as of April 1, 2021) | Number of Class Members at the end of reporting period (as of June 30, 2021) | Number of Class Members who entered the step during the reporting period | Number of Class Members who completed the step during the reporting period | Number of Class Members who began and ended the reporting period in the step |
|---|---|---|---|---|---|
| **Step 4** | [3,159] | [3,271] | [1,167] | [1,055] | [2,104] |
| **Step 7** | [481][2] (awaiting government action) [60] (awaiting applicant action) [11] (national security cases | [342] (awaiting government action) [39] (awaiting applicant action) [5] (national security cases | [1,134] | [1,267] (approved) [25] (denied) | [9][3] (awaiting government action) [22] (awaiting applicant action) [5] (national security cases |

---

[1] The parties acknowledge that this report may include SIV applicants outside of the Joint Adjudication Plan's class definition that the parties have nonetheless agreed to treat as class members because no class identification methodology can perfectly capture class members given the manner in which Defendants maintain records for SIV applicants.

[2] Values in Step 7 Column 1 fluctuate due to changes in class member status. Petitions that originally were identified as being part of the class are later identified during the adjudication process as not being part of the class. Additionally, USCIS's Matrix database is updated through a manual draw from data in CLAIMS 3 and is a static capture of a fluid workload, which results in minor variances in the data between reports.

[3] Two class members who began and ended the reporting period in Step 7 were awaiting government action and were not considered national security cases. These petitions were pending COM verification with the National Visa Center.

|  | | | | | |
|---|---|---|---|---|---|
|  | pending between 90 to 180 days)<br><br>[1] (national security cases pending between 181 to 240 days)<br><br>[2] (national security cases pending greater than 241 days) | pending between 90 to 180 days)<br><br>[1] (national security cases pending between 181 to 240 days)<br><br>[1] (national security cases pending greater than 241 days) |  |  | pending between 90 to 180 days)<br><br>[1] (national security cases pending between 181 to 240 days)<br><br>[1] (national security cases pending greater than 241 days) |
| Step 11 | [1,297] (awaiting interview scheduling)<br><br>[0] (awaiting interview) | [443] (awaiting interview scheduling)<br><br>[1,881] (awaiting interview) | [455] | [1,881] | [60] (awaiting interview scheduling)<br><br>[0] (awaiting interview) |
| Step 13 | [339] (cases in administrative processing)<br><br>[246] (national security cases pending greater than 120 days)<br><br>[229] (national security cases pending greater than 180 days)<br><br>[218] (national security cases pending greater than 1 year) | [500] (cases in administrative processing)<br><br>[282] (national security cases pending greater than 120 days)<br><br>[255] (national security cases pending greater than 180 days)<br><br>[211] (national security cases pending greater than 1 year) | [2,385] | [2,386] | [321] (cases in administrative processing)<br><br>[282] (national security cases pending greater than 120 days)<br><br>[255] (national security cases pending greater than 180 days)<br><br>[211] (national security cases pending greater than 1 year) |
| Step 14 |  |  |  | [657] principal applicants issued (SQ1)<br><br>[2,168] derivative applicants issued (SQ2 and SQ3) |  |

## II. Performance Standards for the Afghan SIV Program

### A. Standards Met

For the period of this Progress Report, Defendants met the performance standards in the Joint Adjudication Plan for government-controlled Steps 2, 3, 5, 7, 8, 10, and 12.

### B. Standards Not Met

For the period of this Progress Report, Defendants did not meet the performance standards in the Joint Adjudication Plan for Steps 4, 11, and 13.

Step 4

a. *Performance Standard*: "The COM Committee will adjudicate a completed application or appeal within 120 days of receipt from the NVC. For class members currently in Step 4, the COM Committee will adjudicate the completed application or appeal within 120 days of the date of the Court's approval of the Plan."

b. *Actual Performance*: The COM Committee continued to adjudicate completed applications or appeals, as feasible, and with support from staff located in Washington, DC., processing a total of 1,839 (litigation and non-litigation) cases. On average during this reporting period, the COM Committee adjudicated a completed application or appeal from a class member within 850 days of receipt from NVC, as compared to 722 days during the previous reporting period.

c. *Explanation*: The COM Committee continued to adjudicate completed applications or appeals, as feasible. Fluctuations in staffing related to the COVID-19 pandemic, training required for new employees, high caseload volume, and implementation of the congressionally-mandated prioritization plan (which requires high-priority tiers to be processed first, leaving low priority tiers to wait longer for review and analysis) contributed to the Department of State's inability to meet the target timeframe. The increase in wait times is also tied to COM Committee clearing out some long-term appeals cases. Within the next reporting period, COM anticipates 48 additional staff working on COM approval processing to augment its current staff. This will positively contribute to the volume and turnaround time of the COM process.

The increased staffing has not yet improved performance compliance due to the time currently being devoted to recruiting, onboarding, and training personnel.

Step 11

a. *Performance Standard*: "After the NVC determines the application is complete, the NVC will offer the applicant the next available interview within 10 days of making that determination. The NVC will schedule the interview within 60 days of contacting the applicant unless the applicant requests a different interview location or interview time or unless there are reasonable circumstances for the delay as explained in the Progress Reports."

b. *Actual Performance*: During this quarter, the U.S. Embassy in Kabul interviewed 1,730 SIV principal applicants between April 1, 2021 and June 10, 2021. The backlog of SIV cases that built up during the Embassy's suspension of interviews from March of 2020 until February of 2021 was eliminated.

c. *Explanation:* Embassy Kabul received additional temporary consular staffing during the quarter, which significantly increased the Embassy's capacity for SIV interviews. By mid-April, Embassy Kabul had eliminated the COVID backlog of cases built up from March 2020 until February 2021. For the entire reporting period post scheduled cases at maximum capacity. Unfortunately, a COVID-19 outbreak at Embassy Kabul that caused the death of one locally employed staff resulted in the suspension and cancellation of interviews from June 13, 2021 through the end of the reporting period. Despite the suspension of interviews, the Embassy continued SIV processing that did not require lengthy in-person contact, such as reviewing medical exams, and printing and passing back printed visas to applicants. From the period of June 13-29, 2021, the Embassy approved and printed 1,202 completed visas. The Embassy plans to interview 90 principal applicants the week of July 11, 2021, and to continue increasing interview capacity as long as COVID conditions allow. The Embassy plans to resume interviews the week of July 11, 2021 and will reschedule interviews which were cancelled in June. NVC did schedule, and will continue scheduling, interviews at other U.S. embassies as they reopen to the public, as feasible.

Step 13

a. *Performance Standard*: "All cases refused under INA section 221(g) for administrative processing that is solely within the Department of State's control, including Advisory Opinions, will be completed within 90 days. For class members currently in Step 13 who are in administrative processing that is solely with the Department of State's control, administrative processing will be completed within 90 days of the date of the Court's approval of the Plan. All cases refused under INA section 221(g) for administrative processing that is not solely with the Department of State's control and which require additional

4

    processing time to reconcile any national security concerns, see AAPA § 602(b)(4)(B), RCIA § 1242(c)(2), will be identified in the progress report in the following manner: number of cases pending greater than 120 days; number of cases pending greater than 180 days; and number of cases pending greater than one year. For the purpose of progress reporting, the beginning date for these cases is the date the consular officer placed the case in administrative processing."

b. *Actual Performance*: Notwithstanding the constraints due to the COVID-19 pandemic, the Department of State continued the administrative processing of cases in Step 13, as feasible. On average, administrative processing for those cases was completed within 35 days. During this period, 96 percent of Afghan cases were closed within the 90-day processing time, but the average figure is inflated by the closure of a handful of cases over a year old.

c. *Explanation*: Factors that contributed to the Department of State's inability to meet the target timeframe for administrative processing under Step 13 included securing appropriate clearances and access for two temporary employees and one full-time employee and training the full-time employee and one of the temporary employees on complex interagency case processes, This surge in staff is intended to improve the throughput and turnaround of administrative processing, once these onboarding processes are completed. Additionally, when the administrative processing of old cases is completed in Step 13, the average processing time reflects the age of those cases. The majority of cases in Step 13 was completed within the 90-day target timeframe for this quarter. However, the closure of 102 Afghan cases that were created between 2015 and early 2021 resulted in longer-than-average processing times for some cases.

**PROGRESS REPORT**

Defendants submit this Progress Report as required under the Court's June 14, 2020 Order (Docket No. 113) and the Court's June 14, 2020 and September 3, 2020 Minute Orders. The Progress Report is for the period of April 1, 2021 to June 30, 2021.

**I.     Class Member Breakdown**[1]

Refugee Crisis in Iraq Act of 2007

|  | Number of Class Members at the beginning of reporting period (as of April 1, 2021) | Number of Class Members at the end of reporting period (as of June 30, 2021) | Number of Class Members who entered the step during the reporting period | Number of Class Members who completed the step during the reporting period | Number of Class Members who began and ended the reporting period in the step |
|---|---|---|---|---|---|
| **Step 4** | [0] | [0] | [0] | [0] | [0] |
| **Step 7** | [3][2] (awaiting government action) [15] (awaiting applicant action) [0] (national security cases pending between 90 to 180 days) [0] (national security cases | [41] (awaiting government action) [24] (awaiting applicant action) [1] (national security cases pending between 90 to 180 days) [0] (national security cases | [55] | [7] (approved) [1] (denied) | [1] (awaiting government action) [13] (awaiting applicant action) [1] (national security cases pending between 90 to 180 days) [0] (national security cases |

---

[1] The parties acknowledge that this report may include SIV applicants outside of the Court's class definition that the parties have nonetheless agreed to treat as class members because no class identification methodology can perfectly capture class members given the manner in which Defendants maintain records for SIV applicants.

[2] USCIS's Matrix database is updated through a manual draw from data in CLAIMS 3 and is a static capture of a fluid workload, which results in minor variances in the data between reports.

| | | | | | |
|---|---|---|---|---|---|
| | pending between 181 to 240 days)  [0] (national security cases pending greater than 241 days) | pending between 181 to 240 days)  [0] (national security cases pending greater than 241 days) | | | pending between 181 to 240 days)  [0] (national security cases pending greater than 241 days) |
| **Step 11** | [8] (awaiting interview scheduling)  [0] (awaiting interview) | [38] (awaiting interview scheduling)  [0] (awaiting interview) | [2] | [0] | [36] (awaiting interview scheduling)  [0] (awaiting interview) |
| **Step 13** | [69][3] (cases in administrative processing)  [63] (national security cases pending greater than 120 days)  [59] (national security cases pending greater than 180 days)  [43] (national security cases pending greater than 1 year) | [63] (cases in administrative processing)  [55] (national security cases pending greater than 120 days)  [54] (national security cases pending greater than 180 days)  [39] (national security cases pending greater than 1 year) | [20] | [21] | [55] (cases in administrative processing)  [55] (national security cases pending greater than 120 days)  [54] (national security cases pending greater than 180 days)  [39] (national security cases pending greater than 1 year) |
| **Step 14** | | | | [6] principal applicants issued (SQ1)  [9] derivative applicants issued (SQ2 and SQ3) | |

---

[3] This number differs from the number reported in Column 2 of the previous report. U.S. Embassy Kabul interviewed applicants on April 1, 2021 and therefore additional cases were referred to administrative processing.

## II.     <u>Performance Standards for the Iraqi SIV Program</u>

### A.     <u>Standards Met</u>

For the period of this Progress Report, Defendants met the performance standards in the Joint Adjudication Plan for government-controlled Steps 2, 3, 4, 5, 7, 8, 10, and 12.

### B.     <u>Standards Not Met</u>

For the period of this Progress Report, Defendants did not meet the performance standards in the Joint Adjudication Plan for Steps 11 and 13.

### C.     <u>Step 11</u>

    a. *Performance Standard*: "After the NVC determines the application is complete, the NVC will offer the applicant the next available interview within 10 days of making that determination. The NVC will schedule the interview within 60 days of contacting the applicant unless the applicant requests a different interview location or interview time or unless there are reasonable circumstances for the delay as explained in the Progress Reports."

    b. *Actual Performance*: NVC did not schedule interviews at Embassy Baghdad for applicants of any visa classification and therefore could not schedule interviews within 10 days of determining an application to be complete.

    c. *Explanation*: As of December 31, 2019, Embassy Baghdad suspended all consular services due to considerable damage done to the Embassy compound in the course of an attack by Iranian-backed militia supporters. Public visa services will not resume until the Consular CAC is reconstructed, approximately 18-24 months from the start of construction; this project has not commenced due to difficulties associated with the global pandemic and the security situation in Iraq. Some cases that were near completion at the time of the attack were able to be processed to completion by Consulate General Erbil, although it is not an IV processing post. In June 2021, Embassy Baghdad was able to process three SIV cases which had been interviewed before the suspension of consular services. Due to the attack on Embassy Baghdad, all immigrant visa paper files were destroyed to protect the identities of the applicants. NVC and Embassy Baghdad must re-create the cases and transfer them to other regional posts for processing. No applicant requested transfer of their case to an alternative processing post, but applicants may do so

      understanding that COVID is still impacting post's operations and ability to travel internationally.

D. <u>Step 13</u>

    a. *Performance Standard*: "All cases refused under INA section 221(g) for administrative processing that is solely within the Department of State's control, including Advisory Opinions, will be completed within 90 days. For class members currently in Step 13 who are in administrative processing that is solely with the Department of State's control, administrative processing will be completed within 90 days of the date of the Court's approval of the Plan. All cases refused under INA section 221(g) for administrative processing that is not solely with the Department of State's control and which require additional processing time to reconcile any national security concerns, *see* AAPA § 602(b)(4)(B), RCIA § 1242(c)(2), will be identified in the progress report in the following manner: number of cases pending greater than 120 days; number of cases pending greater than 180 days; and number of cases pending greater than one year. For the purpose of progress reporting, the beginning date for these cases is the date the consular officer placed the case in administrative processing."

    b. *Actual Performance*: The Department continued the administrative processing of cases in Step 13, as feasible. On average, administrative processing for those cases was completed within 139 days. During this period, 66 percent of Iraqi cases were closed within the 90-day processing time.

    c. *Explanation*: Factors that contributed to the Department of State's inability to meet the target timeframe for administrative processing under Step 13 included securing appropriate clearances and access for two temporary employees and one full-time employee and training the full-time employee and one of the temporary employees on complex interagency case processes. This surge in staffing is intended to improve the throughput and turnaround of administrative processing, once these onboarding processes are completed. Additionally, when the administrative processing of old cases is completed in Step 13, the average processing time reflects the age of those cases. The Department closed two cases from 2019 and five cases from 2020 while also processing 14 cases within 90 days. This shows a balance in processing incoming cases as well as old cases. As a result of Department efforts to increase Afghan SIV case processing, numerous Afghan cases have required administrative processing which can detract from time spent in the review of Iraqi SIV cases.