IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFGHAN AND IRAQI ALLIES UNDER SERIOUS
THREAT BECAUSE OF THEIR FAITHFUL SERVICE
TO THE UNITED STATES, ON THEIR OWN AND ON
BEHALF OF OTHERS SIMILARLY SITUATED,

                      Plaintiffs,

    – against –

ANTONY BLINKEN, *et al.*,

                      Defendants.

Case No. 18-cv-01388-TSC

## JOINT STIPULATION AND [PROPOSED] STIPULATED ORDER

WHEREAS John Doe Alpha, Jane Doe Bravo, John Doe Charlie, Jane Doe Delta, and John Doe Echo and the proposed class (collectively, "Plaintiffs") filed the Amended Class Action Complaint in this action on July 12, 2018 (ECF No. 23) and Defendants filed their Answer on February 13, 2019 (ECF No. 50);

WHEREAS on September 20, 2019, this Court granted in part and denied in part summary judgment to Plaintiffs (ECF No. 76), declared that Defendants' delays in the processing and adjudication of the SIV applications of the Plaintiffs and members of the class were unreasonable as a matter of law, and ordered Defendants to submit a plan for promptly processing and adjudicating the applications of current class members within thirty days of class certification;

WHEREAS on February 5, 2020, the Court certified a class of

> all people who have (1) applied for an Afghan or Iraqi SIV pursuant to the Afghan Allies Protection Act of 2009, Pub. L. No. 111-8, 123 Stat. 807 ("AAPA"), or the Refugee Crisis in Iraq Act of 2007, Pub. L. No. 110-181, 122 Stat. 395 ("RCIA"), by submitting an application for Chief of Mission ("COM") approval, and (2) whose

applications have been awaiting government action for longer than 9 months, appointed Plaintiffs as class representatives, and appointed the International Refugee Assistance Project and Freshfields Bruckhaus Deringer US LLP as class counsel (ECF No. 89);

WHEREAS this Court found Defendants' proposed adjudication plan to be "misguided and inadequate" and ordered the Plaintiffs and Defendants (together, "Parties") to jointly submit a new proposed adjudication plan (ECF No. 106);

WHEREAS the Parties submitted a proposed joint adjudication plan on May 21, 2020 (ECF No. 111), which was approved by the Court on June 15, 2020 (ECF No. 113, the "Approved Adjudication Plan");

WHEREAS Defendants have filed four quarterly progress reports regarding their administration of the Approved Adjudication Plan (ECFs No. 121, 133, 137, 138);

WHEREAS thousands of class members identified in the Approved Adjudication Plan as having waited longer than nine months for processing of their SIV applications still await final adjudication;

WHEREAS the United States completed the withdrawal of its troops from Afghanistan on August 31, 2021 and suspended operations at its embassy in Kabul on August 31, 2021;

WHEREAS the Parties agree that the class members continue to be entitled to the prompt processing of their unreasonably delayed applications under the Court's orders, which enforce Defendants' statutory obligation under Section 602(b)(4) of the Afghan Allies Protection Act and Section 1242(c)(1) of the Refugee Crisis in Iraq Act;

WHEREAS Defendants have represented that they need time to assess the changed circumstances and the steps necessary for prompt adjudication of class members' outstanding applications, in particular in light of the suspension of operations at the U.S. Embassy in Kabul;

WHEREAS Defendants are making programmatic changes affecting all SIV applicants;

WHEREAS the Parties have concluded that a 60-day stay of Defendants' obligations under the Approved Adjudication Plan, including both the benchmarks for SIV processing, as well as the reporting obligations, would allow the Parties to pursue the possible resolution of this case, which would include, among other things, a revised or new plan, as appropriate, in light of changed circumstances, for the prompt processing and adjudication of all class members' SIV applications and that allows the Court and Plaintiffs to evaluate Defendants' progress in doing so;

WHEREAS the Parties agree that any resolution of this case may include areas beyond the reporting and information sharing detailed below.

IT IS HEREBY STIPULATED by the Parties to this action, through their counsel of record, that:

1. Defendants shall, for the term of this Stipulation, continue the prompt processing of class members' SIV applications to the best of their ability in light of current circumstances, as required by the Court's order granting in part summary judgment to Plaintiffs (ECF No. 76), including by, at minimum, making all efforts to maintain recent staffing, without constraining Defendants' ability to surge staffing to unforeseen priorities, and processing improvements;

2. For the term of this Stipulation, Defendants shall provide Plaintiffs the following statistics for principal applicants under Section 602(b) of the Afghan Allies Protection Act, by the 10th day of each month:

    a. Number of Chief of Mission ("COM") applications at the National Visa Center ("NVC") pending applicant action, as of the 1st day of the current month and the 1st day of the prior month;
    b. Number of COM applications pending adjudication after having been deemed complete by NVC, as of the 1st day of the current month and the 1st day of the prior month;
    c. Number of COM applications approved and denied in the past month;

      d. Number of I-360 petitions pending adjudication, as of the 1st day of the current month and the 1st day of the prior month;
      e. Number of I-360 petitions approved and denied in the past month; and
      f. Number of cases pending administrative processing, as of the 1st day of the current month and the 1st day of the prior month.

3. For the term of this Stipulation, Defendants shall provide Plaintiffs the following statistics for principal applicants under Section 1244(b) of the Refugee Crisis in Iraq Act, by the 10th day of each month:

      a. Number of COM applications pending adjudication, as of the 1st day of the current month and the 1st day of the prior month;
      b. Number of COM applications approved and denied in the past month;
      c. Number of I-360 petitions pending adjudication, as of the 1st day of the current month and the 1st day of the prior month;
      d. Number of I-360 petitions approved and denied in the past month;
      e. Number of cases pending visa interviews, as of the 1st day of the current month and the 1st day of the prior month;
      f. Number of visa interviews scheduled in the past month;
      g. Number of cases pending administrative processing, as of the 1st day of the current month and the 1st day of the prior month;
      h. Number of visas issued in the prior month.

4. Within 30 days of the Court entering this Stipulation, Defendants shall provide Plaintiffs the best available information Defendant agencies have on the number of Afghan SIV applicants with COM approval:

      a. In Afghanistan;
      b. Outside of Afghanistan in third countries on U.S. military bases as a result of U.S. government evacuation flights;
      c. Outside of Afghanistan in third countries who have had their visa cases transferred to or been issued an SIV at a U.S. embassy or consulate in that third country, and the numbers for each such embassy or consulate;
      d. In the United States.

5. Within 30 days of the Court entering this Stipulation, Defendants shall share in writing with Plaintiffs the following information for discussion amongst counsel to further the Parties' negotiations regarding a possible resolution to this matter, including an updated or new plan for the prompt adjudication of current class members' SIV applications:

    a. Steps Defendants plan to take to provide expeditious consular processing for Afghan class members outside Afghanistan in third countries, including taking steps that are within Defendants' control to minimize their risk of deportation by the third country back to Afghanistan, noting that Defendants do not have control over third-country actions;

    b. Steps Defendants plan to take for visa processing to be initiated and/or continue for class members still in Afghanistan, to the extent that such steps are within Defendants' control;

    c. Steps Defendants plan to take for the expeditious processing of Iraqi class members' applications notwithstanding the indefinite closure of the U.S. Embassy in Baghdad.

6. For a period of 60 days after the Court enters this stipulated order, Defendants' obligations under the Approved Adjudication Plan, including the benchmarks for SIV processing and reporting requirements, shall be stayed so that the Parties may engage in discussions regarding potential resolution of this matter, including a revised or new adjudication plan, as appropriate, in light of changed circumstances, guided by the principles and information sharing outlined above.

7. The Parties shall meet on a bi-weekly basis (i.e., every other week) during the stay period to attempt to reach agreement regarding the potential resolution of this matter, including an updated or new adjudication plan for the prompt processing and adjudication of class members' SIV applications and that allows the Court and Plaintiffs to evaluate Defendants' progress in doing so.

8. During the stay period, Plaintiffs shall not file a motion to enforce the Court's prior orders in this case.

9. Defendants' obligations under the Approved Adjudication Plan shall recommence upon the conclusion of the stay, including Defendants' obligations to provide progress reports every 90 days. The next progress report will be due ten days after the conclusion of the 90-day reporting period that begins upon the conclusion of the stay and will cover the ninety-day period following the conclusion of the stay.

10. Each side may request that the Court lift this stay in the event of changed circumstances or if any party for any reason fails to comply with the terms of this stipulation. The Parties, however, shall work in good faith to resolve the matter before seeking relief from the Court.

Dated: October 19, 2021

/s/ Deepa Alagesan
Deepa Alagesan (D.D.C. Bar No. NY0261)
Mariko Hirose (D.D.C. Bar No. NY0262)
Alexandra Zaretsky (D.D.C. Bar No. NY0434)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 4th Floor
New York, New York 10004
Telephone: (516) 838-7044
dalagesan@refugeerights.org
mhirose@refugeerights.org
azaretsky@refugeerights.org

Melissa S. Keaney (admitted *pro hac vice*)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
P.O. Box 2291
Fair Oaks, California
Telephone: (916) 545-6125
mkeaney@refugeerights.org

/s/ Olivia P. Greene
Linda H. Martin (D.D.C. Bar No. NY0210)
David Y. Livshiz (D.D.C. Bar No. NY0269)
Olivia P. Greene (admitted *pro hac vice*)
Wang Jae Rhee (admitted *pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
linda.martin@freshfields.com
david.livshiz@freshfields.com
olivia.greene@freshfields.com
wangjae.rhee@freshfields.com

Justin C. Simeone (D.D.C. Bar No. 252751)
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
700 13th Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 777-4543
justin.simeone@freshfields.com

Dated: October 19, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section

YAMILETH G. DAVILA
Assistant Director

STEVEN A. PLATT
Senior Litigation Counsel

*/s/Ruth Ann Mueller*
RUTH ANN MUELLER
D.C. Bar. No. 1617339
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box. 868, Washington, DC 20044
202-598-2445
ruth.a.mueller@usdoj.gov

CHANNING D. PHILLIPS
D.C. Bar No. 414793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

JOSEPH F. CARILLI, JR.
Assistant United States Attorney

*Attorneys for Defendants*

7

*Attorneys for Plaintiffs and Class Counsel*

**SO ORDERED:**

_____
HONORABLE TANYA S. CHUTKAN
United States District Judge

Dated: _____, 2021