**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY BLINKEN, *et al.*,<br><br>Defendants. | Civil Action No. 1:18-cv-01388-TSC |

**STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

This joint stipulation is entered by and between Plaintiffs and Defendants (hereinafter "Parties"), with terms and scope recited herein.

**TERMS AND SCOPE OF STIPULATION**

After conferring on these matters, the Parties propose to the Court the following terms, which are adopted and entered as the Order governing production of electronic discovery.

**IT IS HEREBY ORDERED:**

## I. DEFINITIONS

The "Action" means the case captioned *Afghan and Iraqi Allies v. Blinken*, *et al.*, Case No. 1:18-cv-01388-TSC (D.D.C.).

"Electronically Stored Information" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a), exclusive of alien files (A-Files).

"Document" carries its broadest meaning consistent with Fed. R. Civ. P. 34 and includes, ESI, Hard Copy Discovery and tangible things, exclusive of A-files.

"Format" means the internal structure of a file, which defines the way it is stored and used.

"Native File(s)" or "Native Format" means ESI that is a file or datum created by a computer-based, cloud-based, or artificial intelligence-based application (including, for example, Microsoft Office, Microsoft Access, video and audio files, *.eml, *.pst, and *.pdf files).

"Non-Custodial Data Source" means a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container, such as an enterprise system or database.

"Producing Party" means a Party that produces documents.

"Receiving Party" means a Party to whom documents are produced.

"Responsive Document" means any document that the Producing Party has agreed to produce or log, or that the Producing Party has been ordered to produce by the Court.

## II. <u>PURPOSE AND LIMITATIONS</u>

This Order supplements all other discovery rules and orders. Nothing in this Order shall be construed (1) to prohibit the undersigned Parties from agreeing to modify any provision of this Order or seeking relief from the Court; (2) as a waiver of any Party's rights under the Federal Rules of Civil Procedure, Local Rules, or order of this Court; (3) to require disclosure of information that is not relevant to the claims or defenses in this case or that is protected by applicable privilege; (4) to justify delays in production of ESI responsive to discovery requests; or (5) to waive any objections as to the production, discoverability, or confidentiality of ESI.

This Order may be modified for good cause by a Stipulated Order of the Parties or by the

Court. The Parties shall try to resolve any proposed modifications in good faith and comply with the meet and confer process procedures laid out by the Court. If the Parties cannot resolve this dispute, they may proceed under the Federal and Local Rules of Civil Procedure and this Court's procedures addressing discovery disputes.

## III. SEQUENCE AND PROCEDURE OF ESI DISCOVERY

The Parties agree that discovery of ESI shall proceed as follows:

Requests for production of ESI should, in compliance with Fed. R. Civ. P. 34(b)(1)(A), describe with reasonable particularity each item or category of items to be inspected or produced. After receiving requests for document production, the Producing Party shall conduct a reasonable and good faith search for responsive documents and ESI.

### A. ESI of Limited Accessibility.

If a Producing Party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that party shall timely identify such ESI with reasonable particularity and shall provide the Receiving Party with the basis for declining to produce such ESI.

### B. Privilege Logs.

A Producing Party shall produce a preliminary good faith privilege log within ten (10) days of production of documents, and a final privilege log no more than twenty (20) days after production of documents. With respect to the limited discovery ordered by the Court on November 30, 2022 (ECF No. 191), Defendants shall endeavor to provide all final privilege logs no later than February 21, 2023, and shall agree that Plaintiffs shall have ten business days from receipt of the final privilege logs to raise disputes. Should the dispute resolve in Plaintiffs' favor and result in the production of additional documents or parts thereof, Defendants shall not object

to Plaintiffs moving to supplement their response to the Proposed Adjudication Plan based on those documents or parts thereof. The Privilege Log must contain the following information that will allow the Receiving Party to assess the privilege claim:

1. Beginning Bates Number;
2. Ending Bates Number;
3. Applicable Privilege;
4. Document date;
5. Type and category of document or ESI;
6. Author name
7. A short description justifying the privilege assertion;
8. Custodian (CUSTODIAN) (if applicable);
9. Subject Line (SUBJECT) (if applicable);
10. Sender (FROM) (if applicable);
11. Recipients (TO) (if applicable);
12. Carbon Copy Recipients (CC) (if applicable);
13. Blank Carbon Copy Recipients (BCC) (if applicable).

Additional fields may be added. The log should identify e-mail chains as a single entry and note that they are chains, as long as all persons participating in the chains are identified. Concerning documents logged as Attorney Client privileged or Attorney Work Product, the log should identify any legal personnel with an asterisk or similar. A Privilege Log may omit any field from the above-listed fields when such field would contain no information (i.e., if an applicable production has no BCC recipients, the BCC field may be omitted from the Privilege Log).

**C. Email Thread Analysis.**

Email thread analysis may be used to reduce the volume of emails reviewed and produced. The produced emails must include all of the unique responsive information from a thread, including attachments. For example, if an email in a string deviates from the thread such that it contains attachments that are not included in the most complete thread, then that individual email and its attachments shall also be produced.

**D. Clawback Agreement**

The Parties have separately stipulated to and filed with the Court a Clawback Agreement and Federal of Evidence 502(d) Order to govern the standards and procedures for addressing claims of privilege and inadvertently disclosed privileged materials in this Action. *See* ECF No. 197.

**IV. ESI FORMAT**

The Parties will produce ESI and documents in the format pursuant to Attachment A: "Specifications for the Production of ESI and Digitized ("Scanned") Images" dated July 2022.

Dated: January 20, 2023

*/s Mariko Hirose* (with permission)
Mariko Hirose (D.D.C. Bar No. NY0262)
Deepa Alagesan (D.D.C. Bar No. NY0261)
Kimberly Grano (D.D.C. Bar No. NY0512)
Alexandra Zaretsky (D.D.C. Bar No. NY0434)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (516) 701-4620
mhirose@refugeerights.org
dalagesan@refugeerights.org
kgrano@refugeerights.org
azaretsky@refugeerights.org

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section

YAMILETH G. DAVILA
Assistant Director

STEVEN A. PLATT
Senior Litigation Counsel

Melissa S. Keaney (D.D.C. Bar No. CA00064)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
P.O. Box 2291
Fair Oaks, California
Telephone: (916) 545-6125
mkeaney@refugeerights.org

Linda H. Martin (D.D.C. Bar No. NY0210)
David Y. Livshiz (D.D.C. Bar No. NY0269)
Wang Jae Rhee (admitted *pro hac vice)*
J. Mia Tsui (D.D.C. Bar No. CA00167)
FRESHFIELDS BRUCKHAUS DERINGER
USLLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
linda.martin@freshfields.com
david.livshiz@freshfields.com
wangjae.rhee@freshfields.com
mia.tsui@freshfields.com
Justin C. Simeone (D.D.C. Bar No. 252751)
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
700 13th Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 777-4543
justin.simeone@freshfields.com
*Attorneys for Plaintiffs and Class Counsel*

RUTH ANN MUELLER
SEAN L. KING
Trial Attorneys

*/s Vaughn Spencer*
VAUGHN SPENCER
FL. Bar. No. 566764
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box. 868, Washington, DC 20044
202-598-7593
vaughn.d.spencer@usdoj.gov

*Attorneys for Defendants*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED:_______ ___, 2023

______________________________
HON. TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE

DATED: _______ ___, 2023

______________________________
HON. MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE