IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>         Plaintiffs,<br><br>– against –<br><br>ANTONY BLINKEN, *et al.*,<br><br>         Defendants. | Case No. 18-cv-01388-TSC-MAU |

**JOINT STATUS REPORT**

Plaintiffs and Defendants (hereinafter the "Parties"), by and through undersigned counsel, respectfully file this Joint Status Report pursuant to the Court's January 3, 2023, Minute Order instructing the Parties to address the following: "(1) what discovery has been taken to date; and (2) what discovery is being further proposed." Minute Order (Jan. 3, 2023).

1.   **The Parties' Positions on Discovery Taken to Date**

  **(a) Document Requests:** Plaintiffs submitted document requests on December 9, 2022, and Defendants served timely responses and objections on January 9, 2023.

  <u>Plaintiffs' Position</u>: The Parties are meeting and conferring over disputes regarding deficiencies in the productions and privilege logs. Following a meet-and-confer on January 18, 2023, and as set forth in an email of January 19, 2023, Plaintiffs were under the impression that Defendants agreed to log all privileged material with the exception of drafts of documents filed with the court and communications about such documents involving counsel who have appeared in the litigation. Plaintiffs did not learn that Defendants had a different understanding until after 4

PM today, when Defendants shared their position in this Joint Status Report.[1] The Parties will continue to discuss the issue of privilege logs at their upcoming meet-and-confer, which is scheduled for February 1, 2023.

Defendants' Position: Defendants produced responsive documents on January 13, January 24 (although a technical error prevented the Plaintiffs from accessing it until the next morning), January 25, January 26, and January 27, 2023. To date, Defendants have provided more than 2,000 pages of documents for seven deponents.

With respect to Request 1 of Plaintiffs' document requests, which sought "[d]ocuments reviewed by and/or relied on by the declarants in drafting, revising, reviewing, and/or otherwise testifying to the truth of their Declarations," as stated in Defendants' responses and objections, Defendants are neither producing nor logging material protected by the attorney-client privilege or the attorney work-product protection that were created after the commencement of litigation. On January 18, 2023, the parties conferred as to this specific objection, and discussed production of draft declarations and associated communications that are attorney-client privileged and/or protected work product. The topic will be further discussed at a scheduled meet-and-confer regarding Defendants' objections and responses to Plaintiffs' request for documents on February 1, 2023. Defendants will continue to provide privilege logs for all withheld or redacted documents. Defendants will not produce or log drafts of declarations filed with the Court, or communications about such documents that are protected by the attorney-client privilege and the attorney work product doctrine. Defendants posits that draft declarations are not relevant to any party's claims or

---

[1] Plaintiffs request that, should the Court order any additional JSRs, the Court admonish Defendant agencies to coordinate in good faith with Plaintiffs in the preparation of the reports. Plaintiffs attempted to set a schedule for the exchange of the parties' positions well in advance of this JSR but did not receive a response from Defendants on the scheduling. Plaintiffs nevertheless sent their position to Defendants on Wednesday, January 25, to allow for adequate time to coordinate. Plaintiffs received Defendants' position for the first time at 4pm today. Plaintiffs turned their edits by 7:36pm, and did not hear an additional response from Defendants until 11:10pm.

defenses and are outside the scope of the Court's November 30, 2022 order, which states, "Plaintiffs may conduct limited discovery with respect to the declarations attached to the government's motion for relief and any other justifications the government advances for its proposed modifications . . . ." ECF No. 190 at 12. Defendants further posit that the finalized declarations, as the operative documents, present the relevant information for Defendants' motion for relief and this limited discovery period.

To the extent the parties are unable to reach agreement on February 1, 2023, Defendants request leave to file a Motion for Protection fully briefing their privilege arguments on or before **February 9, 2023**.

**(b) Depositions:** Plaintiffs have deposed all witnesses who submitted declarations in support of Defendants' Motion for Relief from Judgment (ECF Nos. 163, 172, 188) with the exception of Ms. Peggy Petrovich. Plaintiffs withdrew her deposition notice on the Parties' agreement that, if Plaintiffs find that testimony regarding the topics discussed in Ms. Petrovich's declaration is still necessary after other declarant depositions, or if Defendants intend to rely on Ms. Petrovich's declaration in later proceedings in this litigation, Defendants will produce a 30(b)(6) witness who can cover the topics in Ms. Petrovich's declaration or produce her for a deposition.

2.   **The Parties' Positions on Discovery Being Further Proposed**

   **(a) Document Requests:**

Plaintiffs' Position: Plaintiffs propose **February 6** for Defendants to produce all documents responsive to the December document requests, including Request 3, which sought "[d]ocuments concerning the elements of the Proposed New Adjudication Plan." This production

schedule will give Plaintiffs the minimum time necessary to review documents prior to the next round of depositions.

Aside from the December document requests, Plaintiffs have followed up on a document request made on the record on January 27, 2023, during the deposition of Catherine McGeary, by serving a formal request for production, by serving a formal request Defendants on January 30, 2023.

Defendants' Position:

On January 30, 2023, Defendants filed their appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Memorandum Opinion of November 30, 2022 (ECF No. 190), Order of November 30, 2022 (ECF No. 191), and Minute Order of Referral to Magistrate Judge of December 1, 2022. Defendants reserve the right to provide additional briefing concerning the jurisdiction of this Court during the pendency of appeal. Further, Defendants submit that their objections to Request 3[2] be resolved before any production and, in any event, Plaintiffs' proposed date for production is unreasonable. Defendants responded to Request 3 on January 9, 2023, objecting to the Request as premature and seeking information covered by multiple privileges, including deliberative process, attorney-client communication, attorney work product, and law enforcement privilege. Defendants also objected on grounds that the explanations for the elements of the Proposed New Adjudication Plan may be contained within the New Plan itself and may not require discovery.

---

[2] Plaintiffs' equest 3 provides in full: Documents concerning the elements of the Proposed New Adjudication Plan, including those concerning (1) the methodology for identifying class members, (2) the timing benchmarks for the government-controlled steps of the SIV adjudication process, (3) the tracking and reporting requirements, and (4) the mandatory explanations and proposed remedies in the event of government failure to meet the timing benchmarks, as well as
documents concerning justifications for any modifications to the elements of the Previous Adjudication Plan."

4

The Proposed New Adjudication Plan is due to the Court on February 2, 2023, and will not be finalized until that date. Once the Plan is finalized and filed, Plaintiffs will learn which elements Defendants propose to modify. Any request for production of documents relevant to the finalized plan is premature until the plan is finalized. In addition to being premature, Plaintiffs are already in possession of most if not all of Defendants' justifications for their proposed modifications—they were laid out in Defendants' Motion for Relief from Judgment and accompanying declarations (ECF Nos. 163, 172, 188). Plaintiffs have received discovery pertaining to the declarations and have deposed nine government witnesses. Defendants posit they have satisfied the Court's order for limited discovery proportional to the needs of the case. *See* Federal Rule of Civil Procedure 26(b)(1).

Request 3 goes beyond the Defendants' "justifications for its proposed modifications" and should not be permitted. The Request appears to call for documents prepared while the Plan was being developed (*i.e.*, during the pre-decisional deliberative stage). How the plan was developed and what was considered in its development is not relevant to the justifications for the finalized Plan. Plaintiffs should (1) limit any request to the identification of Defendants' justifications for modifications in the New Plan and, (2) exclude privileged information from the scope of any request, including documents involving non-final versions of the Proposed New Adjudication Plan.

Finally, requiring the production of any documents related to the Proposed New Adjudication Plan by February 6—two business days after the plan is filed—is inconsistent with Federal Rule of Civil Procedure 34(b)(2)(a), which permits 30 days to respond to a request. Even construing Plaintiffs' proposal as a request to supplement responses to Request 3 by February 6, their proposal is also inconsistent with Federal Rule of Civil Procedure 26(e)(1)(A), which only contemplates supplementation in a "timely manner." Two business days is insufficient time to

5

collect, process, review, and produce documents from two federal agencies concerning a complex national security, immigration, and foreign affairs program. Therefore, if the Court allows any narrowly-tailored document discovery into the New Plan, Defendants request 30 days, up to and including **March 6, 2023**, to respond.[3]

**(b) 30(b)(6) Depositions:** Plaintiffs noticed two 30(b)(6) depositions—one for each Defendant agency—on December 23, 2022. Plaintiffs seek to depose the witnesses based on the following topic: "The Proposed New Adjudication Plan and justifications for any modifications to the Previous Adjudication Plan, including the January 2023 Report as relevant to the topic."[4] Defendants served responses and objections to these notices on December 30, 2023. The Parties met and conferred regarding Defendants' objection on January 10, 2023.

<u>Plaintiffs' Position</u>: Plaintiffs maintain that the 30(b)(6) deposition notices give Defendants adequate notice of the topics to be covered by the depositions and fall squarely within Judge Chutkan's Memorandum Opinion, which permitted Plaintiffs' discovery into "justifications the government advances for its proposed modifications." ECF No. 190 at 12. The full scope of discovery permitted by the Order is particularly necessary given that Defendants have refused Plaintiffs' attempts to confer on the plan modifications—despite Judge Chutkan's encouragement that Defendants consult Plaintiffs in the development of the Plan, *id.* at 13, and Defendants' representation to the Court that they would do so, Tr. of Dec. 13, 2022 Hr'g at 12:18–20, 18:3–5, 19–20, 21:4. The scope of these depositions should include the January 2023 Report filed by the

---

[3] Additionally, on January 30, 2023, Plaintiffs served a fourth request for documents seeking production of contracts between the Department of State and contractors providing visa support services and demanded a response in 14 days. Plaintiffs' request is inconsistent with Federal Rule of Civil Procedure 34(b)(2)(a), which permits 30 days to object or respond. Accordingly, Defendants request until March 1, 2023, to respond to this request.

[4] Judge Chutkan's November 30, 2022 Memorandum Opinion (ECF No. 190) required Defendants to submit a "report, similar to its prior quarterly reports, detailing the progress of Plaintiffs' applications through the adjudication process" on January 3, 2023.

6

Defendants, as the data in the report will bear on class member identification and progress reporting under the Proposed New Adjudication Plan. As Plaintiffs detailed in a January 23, 2023 letter to Defendants, the January 2023 Report is internally inconsistent, inconsistent with past progress reports, and does not provide the status of all class members, as Judge Chutkan's opinion requires. ECF No. 190 at 12.[5] Plaintiffs propose that these depositions be scheduled for **February 9, 10, 13, and/or 14** to permit Plaintiffs the minimum time necessary to complete the discovery for use in Plaintiffs' objections due February 23.

<u>Defendants' Position</u>: Plaintiffs have not served a proper Rule 30(b)(6) notice on Defendants. On December 23, 2023, Plaintiffs served Defendants notices to depose organizational witnesses from the Department of State and the Department of Homeland Security. The matter for examination was extremely broad: "The Proposed New Adjudication Plan and justifications for any modifications to the Previous Adjudication Plan, including the January 2023 Report as relevant to the topic." The overbroad topic covers the entire scope of this limited discovery period, without limitation. The purpose of designating topics for 30(b)(6) deposition is to give the opposing party notice of the areas of inquiry that will be pursued so that it can identify appropriate deponents and ensure they are prepared for the deposition. Plaintiffs' overbroad topic does not permit Defendants to identify the outer limits of the areas of inquiry noticed and cannot designate appropriate witnesses. Hence, Defendants served objections to the Plaintiffs' Rule 30(b)(6) notices on December 30, 2022. Defendants objected to the Rule 30(b)(6) notices as premature, lacking reasonable particularity, outside the scope of the Court's November 30, 2022 "limited discovery" order, seeking information irrelevant limited issues remaining for resolution in the case, and seeking information covered by multiple privileges, including but not limited to attorney work

---

[5] Plaintiffs requested to meet and confer over these deficiencies. Plaintiffs have not received a response to the request.

7

product, attorney-client privilege, and the deliberative process privilege. On January 10, 2023, the parties met and conferred. Defendants specifically advised that they are unable to identify and prepare organizational witnesses until Plaintiffs refine and particularize the discovery topics. Plaintiffs declined to withdraw, revise, or provide further detail or narrow the broad proposed topic. Accordingly, Defendants are unable to identify and prepare organizational witnesses or propose when depositions may occur.

Defendants request the opportunity to brief the sufficiency of the served Rule 30(b)(6) notices, so that this Court may determine whether to quash. Defendants request leave to file a motion for protection on or before **February 9, 2023**.

Defendants should have at least 21 days to prepare and produce witnesses for Rule 30(b)(6) depositions after receipt of a properly noticed organizational deposition. The Court should reject Plaintiffs' proposed dates for organizational depositions, which begin only four business days after the Plan is due. Plaintiffs were advised of the insufficiency of their Rule 30(b)(6) deposition notices on December 30, and declined to modify their request following a meet and confer on January 10, 2023. Accordingly, the February 23, 2023, deadline for Plaintiffs to respond to the proposed Plan is not good cause to shorten Defendants' time to prepare witnesses to appear for properly scoped organizational depositions.

**(c) Additional Depositions:**

<u>Plaintiffs' Position:</u> Plaintiffs may need to take additional depositions: (1) Plaintiffs may need to depose Ms. Petrovich or an alternate 30(b)(6) witness, per the Parties' agreement. *See supra* Part (1)(b); (2) Plaintiffs may need to continue and/or reopen depositions of fact witnesses based on Defendants' untimely production of responsive documents. With respect to Request 1 of the December document requests, which sought "[d]ocuments reviewed by and/or relied on by the

declarants in drafting, revising, reviewing, and/or otherwise testifying to the truth of their Declarations," Plaintiffs requested that responsive documents be produced seven days prior to the scheduled deposition of each declarant and Defendants agreed to endeavor to do so. Nonetheless, Defendants' productions to date have been deficient. Four days prior to the start of depositions, for example, Defendants produced documents relied on by only two out of nine of the deposed declarants. As such, Plaintiffs have reserved the right to continue and/or reopen depositions as needed.

Defendants' Position:  Defendants have produced documents—to the extent there are documents responsive to Plaintiffs' requests, *see supra*—in a reasonably timely fashion and Plaintiffs have not established any deficiency. As agreed during the parties' meet-and-confer on January 18, 2023, Defendants have endeavored in good faith to produce documents prior to the scheduled deposition of each declarant.  Defendants have produced more than 2,000 pages of responsive non-privileged documents since January 13, 2023. Defendants will continue to make rolling productions of responsive non-privileged documents to supplement productions as permitted under Federal Rule of Civil Procedure 26(e), assuming proceedings are not stayed in this matter. Accordingly, the Court should reject Plaintiffs' attempt to re-depose previously deposed witnesses. Finally, Defendants note Plaintiffs have only specified that the deposition of John Lafferty would be continued or reopened due to document productions during those depositions. Thus, Defendants object to Plaintiffs' belated attempt to reopen completed depositions. To the extent Plaintiffs seek to re-depose any of the nine witnesses that have already been deposed in this matter, Defendants request leave to file a motion for protection within seven days of any associated meet and confer.

4.      **Other Issues**

Defendants' Position:

**(a) Notice of Appeal**

On January 30, 2023, Defendants filed their appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Memorandum Opinion of November 30, 2022 (ECF No. 190), Order of November 30, 2022 (ECF No. 191), and Minute Order of Referral to Magistrate Judge of December 1, 2022. Defendants reserve the right to provide additional briefing concerning the jurisdiction of this Court during the pendency of appeal.

**(b) Response to Plaintiffs' Objections**

In its November 30, 2022 order, the Court set a timeline for submission of the plan, the deadline for which is February 2, 2023. *See* ECF No. 190. Plaintiffs then have 21 days to file objections to the plan. *Id.* Defendants respectfully request the opportunity to submit a reply to those objections, within 14 days, up to and including March 9, 2023. This will best allow the Court to evaluate the parties' positions on the issues.

*** 

The Parties look forward to discussing the status of discovery with the Court on February 2, 2023.

Dated: Jan. 30, 2023

/s/ Deepa Alagesan
Deepa Alagesan (D.D.C. Bar No. NY0261)
Alexandra Zaretsky (D.D.C. Bar No. NY0434)
Mariko Hirose (D.D.C. Bar No. NY0262)
Kimberly Grano (D.D.C. Bar No. NY0512)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (516) 838-7044

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section

YAMILETH G. DAVILA
Assistant Director

| | |
|---|---|
| dalagesan@refugeerights.org<br>azaretsky@refugeerights.org<br>mhirose@refugeerights.org | STEVEN A. PLATT<br>Senior Litigation Counsel |
| Melissa S. Keaney (D.D.C. Bar No. CA00064)<br>INTERNATIONAL REFUGEE ASSISTANCE PROJECT<br>P.O. Box 2291<br>Fair Oaks, California 95628<br>Telephone: (916) 546-6125<br>mkeaney@refugeerights.org | SEAN L. KING<br>RUTH ANN MUELLER<br>Trial Attorneys<br><br>/s/ Vaughn Spencer<br>VAUGHN SPENCER<br>FL. Bar. No. 566764<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box. 868, Washington, DC 20044<br>202-598-7593<br>vaughn.d.spencer@usdoj.gov<br>*Attorneys for Defendants* |
| /s/ Justin C. Simeone<br>Linda H. Martin (D.D.C. Bar No. NY0210)<br>David Y. Livshiz (D.D.C. Bar No. NY0269)<br>Rebecca L. Curwin (D.D.C. Bar No. NY0267)<br>Wang Jae Rhee (admitted *pro hac vice*)<br>J. Mia Tsui (D.D.C. Bar No. CA00167)<br>FRESHFIELDS BRUCKHAUS DERINGER US LLP<br>601 Lexington Avenue, 31st Floor<br>New York, New York 10022<br>Telephone: (212) 277-4000<br>Facsimile: (212) 277-4001<br>linda.martin@freshfields.com<br>david.livshiz@freshfields.com<br>rebecca.curwin@freshfields.com<br>wangjae.rhee@freshfields.com<br>mia.tsui@freshfields.com | |
| Justin C. Simeone (D.D.C. Bar No. 252751)<br>FRESHFIELDS BRUCKHAUS DERINGER US LLP<br>700 13th Street, NW, 10th Floor<br>Washington, D.C. 20005<br>Telephone: (202) 777-4543<br>justin.simeone@freshfields.com<br><br>*Attorneys for Plaintiffs and Class Counsel* | |