**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

AFGHAN AND IRAQI ALLIES UNDER SERIOUS
THREAT BECAUSE OF THEIR FAITHFUL SERVICE
TO THE UNITED STATES, ON THEIR OWN AND ON
BEHALF OF OTHERS SIMILARLY SITUATED,

                          Plaintiffs,

        – against –

ANTONY BLINKEN, *et al.*,

                          Defendants.

Case No. 18-cv-01388-TSC

---

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FEBRUARY 6, 2023 MINUTE ORDER

The Court should affirm Magistrate Judge Upadhyaya's February 6, 2023 Minute Order, which concluded that the district court retained jurisdiction to continue its proceedings as contemplated by the November 30, 2022 Order after Defendants filed a notice of appeal. The Minute Order should not be "set aside" because it is neither "clearly erroneous" nor "contrary to law" under Fed. R. Civ. P. 72(a) and Local Rule 72.2(c); contrary to Defendants' objections, this Court has jurisdiction to oversee "further proceedings," including completing the development of a new plan and deciding whether to enter the Revised Plan.[1]

---

[1] In her February 6, 2023 Minute Order, Judge Upadhyaya refers to the November 30, 2022 Order, which explains that the Court will "decide whether to schedule further proceedings or take additional steps before approving or rejecting the plan." Mem. Op., ECF No. 190 at 13.

## I.      Procedural History

On November 30, 2022, this Court issued an Order denying in part and granting in part Defendants' motion for relief from its prior orders granting partial summary judgment and adopting an adjudication plan. Order, ECF No. 191. Reaffirming the ruling that Defendants had unreasonably delayed processing class members' applications for "Special Immigrant Visas" (SIVs), it (1) ordered Defendants to propose changes to the Approved Adjudication Plan to address certain changed circumstances Defendants raised in their motion for relief, (2) permitted Plaintiffs to conduct "limited discovery" with respect to the declarations that Defendants sought to rely upon and Defendants' justifications for their proposed modifications, and (3) referred the matter to Judge Upadhyaya to oversee discovery and the development of a modified Plan. Mem. Op., ECF No. 190 at 11–12.

Pursuant to the Court's Order, the Parties engaged in discovery, which included document discovery, nine depositions of government officials, and three Fed. R. Civ. P. 30(b)(6) depositions. Defendants filed a notice of appeal on January 30, 2023, sixty days after the Court issued its Order. *See* Notice of Appeal, ECF No. 204. The notice specified that Defendants sought to appeal the "Court's Memorandum Opinion of November 30, 2022 (ECF No. 190), Order of November 30, 2022 (ECF No. 191), and Minute Order of Referral to Magistrate Judge of December 1, 2022." *Id.* Defendants never moved to stay the Order.

In a status conference on February 2, Defendants argued that the district court "lack[s] jurisdiction to enter a new plan or to conduct discovery into a new plan now that a notice of appeal has been filed." Tr. of Feb. 2, 2023 Discovery Conf., ECF No. 212 at 4:3–5. On February 6, Judge Upadhyaya held that "[i]n the absence of a stay . . . the Court retains jurisdiction to carry out further proceedings the District Court has ordered" while the appeal was pending. Minute Order, Feb. 6,

2023. As Judge Upadhyaya observed, "Defendants themselves filed their new proposed plan ECF No. [207-1] on February 2, 2023, despite their position that this Court no longer retained jurisdiction." *Id*.

As Defendants acknowledge, the Parties plan to complete discovery in March 2023. *See* Defs.' Objs. to the Mag. J.'s Feb. 6, 2023 Minute Order, ECF No. 210 at 2, 4 ("Defs.' Objs."). Although discovery is almost complete, Defendants now object to Judge Upadhyaya's ruling that the district court retains jurisdiction.

## II.    Standard of Review

A magistrate judge's ruling "is entitled to great deference," *Musonza v. Costanzo*, No. 19 Civ. 2779 (TSC), 2022 WL 3646296, at *3 (D.D.C. Aug. 24, 2022), and cannot be disturbed unless it is "clearly erroneous" or "contrary to law," Fed. R. Civ. P. 72(a); LCvR 72.2(c). Under this standard, the Court should affirm Judge Upadhyaya's Minute Order because it is based on "appropriate legal standards," *Beale v. D.C.*, 545 F. Supp. 2d 8, 11 (D.D.C. 2008), and is "an eminently correct legal ruling," *Collett v. Socialist Peoples' Libyan Arab Jamahiriya*, 448 F. Supp. 2d 92, 96 (D.D.C. 2006).

## III.   Judge Upadhyaya's Determination that the District Court Retains Jurisdiction Absent a Stay is Neither Clearly Erroneous Nor Contrary to Law.

Judge Upadhyaya's determination that the district court retained jurisdiction to enforce this Court's November 30, 2022 Order despite Defendants' notice of appeal is neither "clearly erroneous" nor "contrary to law." Fed. R. Civ. P. 72(a); LCvR 72.2(c). Judge Upadhyaya applied "appropriate legal standards" when she concluded that, absent a stay, the district court retained jurisdiction to enforce its November 30, 2022 Order pending appeal. *Beale* 545 F. Supp. 2d at 11.

Indeed, Defendants never moved[2] to stay the November 30, 2022 Order and Fed. R. Civ. P. 62(c), which is the basis for the interlocutory appeal, does not provide an automatic stay pending appeal.

Judge Upadhyaya's Minute Order was not "clearly erroneous" or "contrary to law" in ruling that, absent a stay, Defendants' notice of appeal did not divest the district court of its "inherent power to enforce" its November 30, 2022 Order. *In re Grand Jury Subpoena No 7409*, No. 18-41 (BAH), 2018 WL 8334866, at *2 (D.D.C. Oct. 5, 2018). Quite the opposite, "[t]he precedent" supporting the Judge's determination "is voluminous and convincing." *Id.* The Supreme Court has held, for example, that "absent a stay," a party "must comply promptly with the order pending appeal" even if it believes "the order is incorrect." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Likewise, the D.C. Circuit has instructed that "[u]nless a stay is granted," the district court's judgment "is undiminished by [the] pendency of the appeal," *Deering Milliken, Inc. v. F.T.C.*, 647 F.2d 1124, 1129 (D.C. Cir. 1978), and the district court retains its "inherent power to enforce its decrees and to make such orders as may be necessary to render them effective," *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988); *see also* 9 Charles Alan Wright & Arthur R Miller, Federal Practice and Procedure § 2962 ("The only restriction on the trial court's power occurs if the appellate court enters an order staying the lower court until the appeal has been completed.").

---

[2] Defendants' Objections state that "Defendants seek a stay of further proceedings in the District Court on the ground that the appeal of the November 30, 2022 order divested this Court of jurisdiction to oversee discovery relating to modifying the injunction or to modify the injunction because those issues are related to those on appeal." Defs.' Objs., ECF No. 210 at 8–9. To the extent that Defendants seek to characterize this sentence as a motion for a stay, it is insufficient. *See* LCvR 7; D.C. App. R. 8. In any event, such a motion would fail because, at minimum, Defendants cannot claim that they will experience the irreparable harm necessary to justify a stay after waiting sixty days to appeal the Order and allowing additional time to pass since noticing the appeal. *See Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

Defendants argue that the issues before the district court are so "integrally related" to the merits of the pending appeal that the appeal "divests the district court of control over those" issues. Defs.' Objs., ECF No. 210 at 5, 8 (citing *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997)). But this is the wrong standard. Jurisdiction is divested over only "aspects of the case involved in the appeal" when further district court action would interfere with appellate review, *DeFries*, 129 F.3d at 1302; *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 37 (D.D.C. 1994)—not issues that are merely "related" to the appeal, Defs.' Objs., ECF No. 210 at 5, 8. The district court is presently administering the mandates of its November 30, 2022 Order, which include limited discovery and oversight of the proposed new plan. Mem. Op., ECF No. 190 at 12–13. None of the district court's actions would interfere with appellate review, which Defendants say concerns "whether the government has unreasonably delayed adjudication of SIV applications and whether that delay merits an injunctive remedy." Defs.' Objs., ECF No. 210 at 6. District courts routinely confirm that they retain jurisdiction over matters relating to the enforcement of an order during the pendency of an appeal of its merits, even when reversal on appeal would void the enforcement. *See, e.g.*, *In re Grand Jury Subpoena No. 7409*, 2018 WL 8334866, at *3 (holding that, absent a stay, the court retained jurisdiction over issues relating to compliance with its enforcement order when the issue on appeal concerned the "merits of the enforcement order").

This case is similar to *Barnstead*, 869 F. Supp. at 38–40. There, the Court ruled that it retained jurisdiction over a series of motions—a motion to continue a discovery conference, a motion challenging jurisdiction, a motion to clarify the preliminary injunction, and a motion to stay or dissolve the injunction on appeal—while the appeal of its preliminary injunction was pending. *Id.* The Court retained jurisdiction over the motions because they addressed "issue[s] not

directly involved in the matters on appeal" and, moreover, "resolution of the motion[s] w[ould] not interfere with the status of the case before the Court of Appeals." *Id.* at 38–39. Here, too, the aspects of this Court's November 30, 2022 Order that relate to discovery and the administration of the proposed new plan are unrelated to the merits of the appeal, and their enforcement by the Magistrate Judge will not interfere with the appeal. Given this case law, the district court's retention of jurisdiction over these enforcement matters absent a stay cannot be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); LCvR 72.2(c).

Defendants improperly rely on *Loumiet* and *Colón-Torres* to argue that "discovery into matters that are related to the subject of the appeal should not proceed." Defs.' Objs., ECF No. 210 at 6, 7. In both of those cases, the defendants sought and obtained stays in order to deprive the district court of jurisdiction over the discovery orders. *See Loumiet v. United States*, 315 F. Supp. 3d 349, 350 (D.D.C. 2018) (seeking a stay of discovery while appeal addressed qualified immunity defense); *Colón-Torres v. Negrón-Fernández*, 997 F.3d 63, 75 (1st Cir. 2021) (seeking a stay of discovery while appeal addressed the denial of an automatic stay under a statute). No such stay was sought here.

Defendants' reliance on *Bombardier* and *Princz* is also misplaced. *See* Defs.' Objs., ECF No. 210 at 9. In those cases, the D.C. Circuit denied motions for stays as "unnecessary" when the issues on appeal were "threshold issue[s]" affecting the court's ability to hear the matters at all. *See Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002) (determining the "threshold issue" of whether the dispute was arbitrable); *Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993) (reviewing the "threshold issue" of sovereign immunity). But here, the appeal does not concern the "threshold issue" of the district court's jurisdiction over Defendants. Indeed, there is no doubt about the district court's

overall power to hear this case. Thus, nothing cited by Defendants undermines, much less renders "clearly erroneous," Judge Upadhyaya's determination that, absent a stay, the district court retains jurisdiction to enforce its orders.

Moreover, at this stage in the execution of the November 30, 2022 Order, Defendants' eleventh-hour claims about the "risk of wasting resources" ring hollow. Defs.' Objs., ECF No. 210 at 6. The parties have largely completed discovery, and Defendants have already submitted their Proposed Revised Adjudication Plan. ECF No. 207-1. Defendants cannot now "belatedly request[] the Court to restore the status quo as it existed" prior to the issuance of the November 30, 2022 Order. *Barnstead*, 869 F. Supp. at 40. Far from an effort to avoid wasting judicial resources, Defendants' plea to halt action in the district court is the latest in their string of tactics to further delay adjudication of class members' SIV applications, in contravention of this Court's orders and the law.

**Conclusion**

The Court should reject Defendants' Objections and affirm Judge Upadhyaya's February 6, 2023 Minute Order.

Dated: March 7, 2023
       New York, New York

Respectfully submitted,


/s/ Mariko Hirose _____          /s/ Anika Havaldar _____

Kimberly Grano (D.D.C. Bar No. NY0512)     Linda H. Martin (D.D.C. Bar No. NY0210)
Deepa Alagesan (D.D.C. Bar No. NY0261)     David Y. Livshiz (D.D.C. Bar No. NY0269)
Alexandra Zaretsky (D.D.C. Bar No.         Rebecca C. Kerr (D.D.C. Bar No. NY0267)
NY0434)                                    Wang Jae Rhee (admitted *pro hac vice*)
Mariko Hirose (D.D.C. Bar No. NY0262)      J. Mia Tsui (D.D.C. Bar No. CA00167)
INTERNATIONAL REFUGEE                       FRESHFIELDS BRUCKHAUS DERINGER
ASSISTANCE PROJECT                         US LLP
One Battery Park Plaza, 33rd Floor         601 Lexington Avenue, 31st Floor
New York, New York 10004                   New York, New York 10022
Telephone: (516) 838-7044                  Telephone: (212) 277-4000
kgrano@refugeerights.org                   Facsimile: (212) 277-4001
dalagesan@refugeerights.org                linda.martin@freshfields.com
azaretsky@refugeerights.org                david.livshiz@freshfields.com
mhirose@refugeerights.org                  rebecca.kerr@freshfields.com
                                           wangjae.rhee@freshfields.com
Melissa S. Keaney (D.D.C. Bar No.          mia.tsui@freshfields.com
CA00064)
INTERNATIONAL REFUGEE                       Justin C. Simeone (D.D.C. Bar No. 252751)
ASSISTANCE PROJECT                         FRESHFIELDS BRUCKHAUS DERINGER
P.O. Box 2291                              US LLP
Fair Oaks, California 95628                700 13th Street, NW, 10th Floor
Telephone: (916) 546-6125                  Washington, D.C. 20005
mkeaney@refugeerights.org                  Telephone: (202) 777-4543
                                           justin.simeone@freshfields.com


                                           *Attorneys for Plaintiffs and Class Counsel*