**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> – against – <br><br> ANTONY BLINKEN, *et al.*, <br><br> Defendants. | Case No. 18-cv-01388-TSC |

**DEFENDANTS' NOTICE OF LODGING MODIFICATIONS TO DEFENDANTS'
PROPOSED ADJUDICATION PLAN**

Defendants file this notice of lodging modifications to the pending, proposed revised adjudication plan ("Modifications to the Revised Plan") (Exhibit A) pursuant to the Court's Opinion and Order of November 30, 2022, and its Minute Order of August 13, 2024. *See* ECF No. 190; Minute Order (August 14, 2024). In November 2022, the Court permitted Defendants to submit modifications to the Approved Adjudication Plan ("AAP") after holding that circumstances had changed since the Court entered the AAP in 2020. ECF No. 190 at 11. These circumstances included a massive influx of Special Immigrant Visa ("SIV") applicants for Chief of Mission ("COM") approval around the fall of Afghanistan and the closing of the U.S. Embassy in Kabul, as well as the significant improvements to SIV Processing made by the Defendant agencies in 2021-2022. *Id.* 3-4, 6. In addition to the many improvements outlined in Defendants' Motion and Reply for Relief from the Court's Summary Judgment Order and the Approved Adjudication Plan, ECF Nos. 163, 172, the Defendant agencies continue to improve the processing for Afghan and Iraqi Special Immigrant Visa ("SIV") applicants while protecting the national security of the

United States. One such example is the streamlined SIV petitioning process that allows individuals to have their COM application and petition reviewed at the same step.[1] *See Ongoing Efforts to Support Afghan Special Immigrant Visa Applicants*, U.S. DEP'T OF STATE (July 18, 2022).[2] On February 2, 2023, Defendants submitted a Proposed Revised Adjudication Plan ("PRAP"). Since then, Defendants have identified two additional proposed modifications for inclusion in the proposal.

First, the State Department provides the following concerning Steps 11-13 of the Iraqi SIV plan and Steps 10-12 of the Afghan SIV plan. *See* Exhibit A. These Steps address SIV applications that have been refused under 8 U.S.C. § 1201(g) and are undergoing administrative processing. The clarifications replace the term "administrative processing" in the Plan with the term "additional national security screening." Although additional national security screening is the most common form of administrative processing in SIV cases and is often used synonymously with the term administrative processing,[3] because there are other forms of administrative processing,[4] Defendants seek to make this clarification to the terminology in the Revised Plan to avoid any ambiguity going forward.

Defendants do not propose reporting on cases that are refused under § 1201(g) and that undergo a form of administrative processing other than national security screening. First,

---

[1] USCIS has a steadily diminishing role in the Afghan SIV application process. As of July 20, 2022, all new SIV applications are filed with the Department of State via Form DS-157, consolidating the COM approval and petition adjudication responsibilities to Department of State.

[2] https://www.state.gov/ongoing-efforts-to-support-afghan-special-immigrant-visa-applicants/

[3] *See, e.g.*, Deposition of Daniel L. Mickelson, January 26, 2023, at 74:8-17; *see also* ECF No. 218, Ex. A (explaining that Step 13 including only those cases in national security vetting).

[4] For example, another form of administrative processing involves a request from a consular officer to the Office of the Legal Adviser for legal advice on an SIV application. 9 FAM 504.11-3(B)(2).

additional national security screening is the most common form of administrative processing in SIV cases and thus is most likely to capture most cases that were not issued an SIV or were not refused under an ineligibility ground in 8 U.S.C. § 1182(a). Second, although Defendants can track and report on cases undergoing additional national security screening, Defendants do not have a reasonable method of capturing relevant data on cases undergoing less common forms of administrative processing. Consular officers refuse SIV cases under § 1201(g) for many reasons, and not all cases that are refused under § 1201(g) are thereafter submitted for government-controlled administrative processing. *See Administrative Processing Information*, U.S. DEP'T OF STATE[5]; *see also* 9 FAM 504.11-4(A). Reporting on all cases refused under § 1201(g) would inject a significant amount of irrelevant data into the Revised Plan. For example, there are SIV applications that are refused under § 1201(g) because of a failure on the part of the applicant to submit required information or documentation (applicant controlled). *See Administrative Processing Information*, U.S. DEP'T OF STATE.[6] In some cases, an applicant may never respond to this request. But such cases would be included in any reporting of all § 1201(g) refused cases. Further, an overinclusive raw total report of cases refused under § 1201(g) would include many refused cases that will not undergo further processing. *See*, *e.g.*, *Karimova v. Abate*, No. 23-5178, 2024 U.S. App. LEXIS 18337 (D.C. Cir. July 24, 2024).

Consequently, Defendants do not propose to report on cases other than those refused under § 1201(g) and undergoing additional national security screening. There is no dispute that this group is in government control, and Defendants can meaningfully track and report on progress.

---

[5] https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html (last visited August 25, 2024).

[6] *Supra* n.5.

Second, Defendants seek to modify the template report at Step 4 of the Afghan SIV Plan. Since the submission of the PRAP in February 2023, Defendants have been able to modify their systems to allow them to identify COM appeals such that COM appeals may be reported on in the Template Report. Defendants believe that this resolves an objection to the PRAP raised by Plaintiffs at page 21 of the Objections. ECF No. 217.

The Department of State, USCIS, and other U.S. government departments and agencies involved in SIV processing are committed to helping Afghans and Iraqis who have taken significant risks to support our military and civilian personnel, while protecting national security. Despite many challenges with the Afghanistan humanitarian crisis, expanded interest in the Afghan SIV program, and the last stages of the Iraqi program, the Modified Revised Plan solidifies Defendants' commitment to expeditiously process SIV applications across all steps.

Defendants respectfully request that the Court enter the attached Modifications to the Revised Plan.

Dated: August 26, 2024

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section

YAMILETH G. DAVILA
Assistant Director

RUTH ANN MUELLER
CAROLINE McGUIRE
Trial Attorneys

Respectfully submitted,

*/s/ David J. Byerley*
DAVID J. BYERLEY
DC Bar #1618599
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box. 868, Washington, DC 20044
202-532-4523
david.byerley@usdoj.gov

*Attorneys for Defendants*

5