**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>                    Plaintiffs,<br><br>          – against –<br><br>ANTONY BLINKEN, *et al.*,<br><br>                    Defendants. | Case No. 18-cv-01388-TSC-MAU |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' MODIFICATIONS TO
DEFENDANTS' PROPOSED ADJUDICATION PLAN**

As directed by the Court's August 12, 2024 Minute Order, Plaintiffs submit these objections to Defendants' Modifications to Defendants' Proposed Adjudication Plan, ECF Nos. 243-1 and 243-3. Plaintiffs have two objections to Defendants' latest requests. First, Plaintiffs oppose Defendants' proposal to include at Steps 11–13 of the Iraqi SIV Plan and Steps 10–12 of the Afghan SIV Plan only individuals whose applications are referred for additional national security screening, and not those whose applications are pending other types of administrative processing following their visa interviews. This unjustified change would exclude a subset of class members from the modified plan's timing benchmarks and reporting at government-controlled steps. Second, Plaintiffs continue to oppose Defendants' request to extend the deadline to file progress reports to 30 days, which is reiterated in one of their proposed additions.

 In order to facilitate the prompt adjudication of class members' SIV applications, Plaintiffs respectfully request that the Court enter a revised adjudication plan that omits the

proposed modifications to which Plaintiffs object. Attached to this filing is a proposed revised plan that does not include these contested changes. *See* Updated Exhibit 1.[1]

    I.    **Plaintiffs object to Defendants' proposal to exclude from the plan benchmarks and reporting applicants whose cases are undergoing administrative processing but not "additional national security screening."**

After an SIV applicant is interviewed at a U.S. embassy, their case is subject to "administrative processing" by the State Department before a consular officer makes a final decision on their visa application. *See* Mem. Op., ECF No. 47 at 18–20 ("Jan. 2019 Op.").[2] The previous plan's timing benchmarks and reporting requirements applied to all class members undergoing administrative processing. But Defendants now propose altering the language of the post-interview steps to cover only applicants whose cases are referred for "additional national security screening" and not those whose cases undergo other forms of administrative processing. While framed as a clarification, Notice of Lodging, ECF No. 243 at 2, they concede this change would exclude a subset of applicants from the plan's coverage at government-controlled steps, which contravenes the baseline requirements for the modified plan set by the Court. The proposal is also not justified by any alleged changed circumstance or even preexisting reporting limitations, as Defendants included class members undergoing other forms of administrative processing in their prior reporting. The Court should therefore reject this change.

Under Defendants' proposal, the State Department's post-interview plan obligations would apply only to cases undergoing "additional national security screening." Defendants

---

[1] "Updated Exhibit 1" is a new version of the proposed plan that Plaintiffs filed alongside their March 9, 2023 Objections, *see* Exhibit 1 to Objections, ECF No. 217-2, that incorporates Defendants' additional proposed changes to which Plaintiffs do not object. Also attached is a redline comparison of Updated Exhibit 1 and Defendants' Modifications to Defendants' Proposed Adjudication Plan, with explanations of the differences. *See* Updated Exhibit 2.

[2] All page number citations refer to the original (not CM/ECF) pagination.

admit, however, that some class members who are entitled to relief will have their applications subjected to forms of administrative processing other than additional national security screening, including referrals for advisory opinions from the State Department's Office of the Legal Adviser. *See* Notice of Lodging at 2 n.4. Defendants' proposed plan would thus omit "timing benchmarks for the government-controlled steps of the SIV adjudication process" and "tracking and reporting requirements" for a subset of covered class members, flouting the requirements laid out by the Court. Mem. Op., ECF No. 190 at 12 ("Nov. 2022 Op."). This would mean that the State Department would not be required to initiate other forms of administrative processing within any timeframe (Afghan SIV Step 10/ Iraqi SIV Step 11), to complete such processing within any timeframe (Afghan SIV Step 11/ Iraqi SIV Step 12), or to track or report on these cases, *see* ECF No. 243-2 at 4–5, 7–8; ECF No. 243-4 at 2, 4–5, which would allow this subset of class members to languish in government-controlled steps without recourse. As Defendants are obligated to complete this processing before such applicants can obtain a final decision, the modified adjudication plan and reporting must account for these class members.

Excluding this subset of class members is not justified by any changed circumstance, let alone one recognized by the Court as a ground for modification. *See* Nov. 2022 Op. at 12. Under the previous plan, Defendants reported on cases undergoing administrative processing other than national security screening.[3] They do not identify any development that affects their ability to continue doing so. Instead, they simply assert that they "do not have a reasonable method" of

---

[3] In an email to Plaintiffs sent on September 3, 2024, Defendants stated that under the previous plan, they "reported at these Steps on cases that were refused under 221(g) and that thereafter underwent additional national security screening as well as cases refused under 221(g) and that thereafter a consular officer requested formal legal guidance from the Office of the Legal Adviser." This belies Defendants' suggestion that the previous plan was ambiguous as to whether the term "administrative processing" was limited to cases undergoing additional national security screening. *See* Notice of Lodging at 2.

tracking these cases. Notice of Lodging at 3. Even if preexisting reporting limitations could justify modification, Defendants do not explain what these limitations are. The purported difficulty of tracking these cases is especially confounding given that the example provided by Defendants, referral to the Office of the Legal Advisor, is wholly within the State Department's control. *See* 9 Foreign Affairs Manual 504.11-3(A)(6). Nor do Defendants explain why the only alternative is to report on "all cases refused under § 1201(g)," including those awaiting applicant action. Notice of Lodging at 3. The previous plan language—which Defendants themselves proposed—shows they have the ability to separate out cases in which "the applicant is required to provide . . . additional information or documentation" before proceeding with government-controlled administrative processing.[4] *See* Approved Adjudication Plan, ECF No. 113-1 at 5–6 (prior Step 12). Absent any cognizable justification, Defendants should not be relieved of their obligations at the expense of class members who are awaiting a final decision.

**II.    Plaintiffs maintain their objection to Defendants' request to extend the time to file progress reports to 30 days, but do not object to the other changes.**

Defendants also propose making additions regarding the USCIS-controlled step of the modified plan. *See* ECF No. 243-2 at 2 n.2, 4, 9. Plaintiffs maintain their objection to Defendants' request to extend their deadline to file progress reports to "within 30 days of the end of the 90-day reporting period." *Id.* at 4, 9. As stated in their March 9, 2023 Objections, Plaintiffs would agree to extend the deadline from 10 to 20 days. *See* Objections, ECF No. 217 at 17. Plaintiffs do not otherwise object to the language added at this step, which they understand to be a cross-reference to Section III of the modified plan and not a substantive change.

---

[4] Defendants cite a non-controlling decision apparently to suggest that some cases refused under § 1201(g) will never finish processing. Notice of Lodging at 3 (citing *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024) (unpublished)). This Court has already held that Defendants are required to make final decisions on SIV applications in administrative processing. *See* Jan. 2019 Op. at 19–21.

Plaintiffs do not object to Defendants' proposal to report on COM appeals separately from COM applications and reapplications in the Afghan SIV Plan, and agree that this change resolves Plaintiffs' objection to the omission of COM appeals from the reporting. *Id.* at 18.

### Conclusion

Plaintiffs respectfully request that the Court decline to adopt the proposed modifications to which Plaintiffs object above and in their March 9, 2023 Objections, and enter the revised plan attached as Updated Exhibit 1.

Dated: September 9, 2024

Respectfully submitted,

/s/ *Kimberly Grano*

Kimberly Grano (D.D.C. Bar No. NY0512)
Deepa Alagesan (D.D.C. Bar No. NY0261)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (646) 946-7453
kgrano@refugeerights.org
dalagesan@refugeerights.org

Melissa S. Keaney (D.D.C. Bar No.
CA00064)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
P.O. Box 2291
Fair Oaks, California 95628
Telephone: (916) 546-6125
mkeaney@refugeerights.org

/s/ *Rebecca Kerr*

Rebecca Kerr (D.D.C. Bar No. NY0267)
Linda H. Martin (D.D.C. Bar No. NY0210)
David Y. Livshiz (D.D.C. Bar No. NY0269)
Wang Jae Rhee (admitted *pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
3 World Trade Center,
175 Greenwich Street, 51st Floor
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
rebecca.kerr@freshfields.com
linda.martin@freshfields.com
david.livshiz@freshfields.com
wangjae.rhee@freshfields.com

J. Mia Tsui (D.D.C. Bar No. CA00167)
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
855 Main St,
Redwood City, CA 94063
Telephone: (650) 618-9250
mia.tsui@freshfields.com

Justin C. Simeone (D.D.C. Bar No. 252751)
FRESHFIELDS BRUCKHAUS DERINGER

US LLP
700 13th Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 777-4543
justin.simeone@freshfields.com

*Attorneys for Plaintiffs and Class Counsel*

6