**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED**,

      Plaintiffs,

  v.

**MICHAEL R. POMPEO**, *et al.*,

      Defendants.

Civil Action No. 18-01388 (TSC) (MAU)

---

**OPINION & ORDER**

Plaintiffs—a class of Afghan and Iraqi Special Immigrant Visa (SIV) Applicants whose applications have been pending for more than nine months—brought this class action to compel Defendants to process and adjudicate their SIV applications in accordance with Congress's instructions.  Plaintiffs move to strike three declarations attached to Defendants' Motion for Relief from Judgment.  Pls.' Mot. to Strike ("Mot. to Strike") at 1, ECF No. 216.  Because Defendants' motion for relief from judgment has been resolved by this court and the D.C. Circuit, the court will **DENY** Plaintiffs' Motion to Strike as **MOOT**.

In 2019, the court granted summary judgment to Plaintiffs on Counts One and Two of their Amended Complaint.  *Afghan & Iraqi Allies v. Pompeo*, No. 18-CV-01388 (TSC), 2019 WL 4575565 (D.D.C. Sept. 20, 2019) (*Afghan & Iraqi Allies II*).  The court ordered the parties to develop a joint plan for "promptly processing and adjudicating the applications of current class members, *id.* at *11, and, in June 2020, the court approved the parties' proposed joint plan, ECF

Page **1** of **3**

No. 113.  In May 2022, Defendants moved for relief from the judgment, Mot. for Relief from J., ECF No. 163, attaching declarations from nine officials from the Department of State or Department of Homeland Security.  *See* Exs. A – I, ECF Nos. 163-1–9.

The court denied Defendants' motion and referred the case to a magistrate judge for the development of a new plan, including discovery into the declarations and any other justifications for proposed modifications to the adjudication plan.  *Afghan & Iraqi Allies v. Pompeo*, 643 F. Supp. 3d 148, 157 (D.D.C. 2022) (*Afghan & Iraqi Allies III*), *aff'd*, 103 F.4th 807 (D.C. Cir. 2024). The D.C. Circuit recently affirmed that decision, *id.,* and development of a modified proposed adjudication plan is underway, *see* Notice of Modifications to Defs.' Proposed Adjudication Plan, ECF No. 243.

While Defendants' appeal was pending, Plaintiffs moved to strike three of the declarations attached to Defendants' motion for relief from judgment: the Declaration of Maren Brooks, ECF No. 163-1, and in part the Declarations of Neal Vermillion, ECF No. 163-7, and Evelyn Martin, ECF No. 163-8 (collectively, the "Declarations").  *See* Mot. to Strike at 1.  Plaintiffs argue that depositions revealed the declarants lacked personal knowledge of the information in their declarations.  *Id.*  For instance, Declarant Brooks stated that she did not review any documents underlying the declaration, Ex. 4 to Decl. of Kimberly Grano, ECF No. 216-5 at 26; she was not provided with any information other than the draft of the declaration, *id.* at 26–27; and her knowledge of certain facts was "informed only by the declaration," *id.* at 40.

Because Defendants' motion for relief from judgment has been resolved and the Court of Appeals issued the mandate, the court will deny Plaintiffs' motion to strike as moot.  Striking the Declarations at this stage would have no effect. The underlying motion, which the Declarations sought to bolster, has been denied.  *See Citibank, N.A. v. FDIC*, 827 F. Supp. 789, 789 n.1 (D.D.C.

1993) ("Because the Declaration related only to the cross-motions, plaintiff's argument is moot and the Motion to Strike is denied."); *Mills v. Billington*, No. 04-CV-2205 (FJS-AK), 2013 WL 12312811, at *2 (D.D.C. May 23, 2013) (motion to strike declarations "was rendered moot" when the underlying motion was denied); *cf. Cause of Action v. Nat'l Archives & Recs. Admin.*, 926 F. Supp. 2d 182, 189 (D.D.C. 2013) (denying motion to strike as moot when declarations did not impact resolution of underlying motion).

As Plaintiffs note, Defendants have not submitted the challenged Declarations in support of their modifications to the proposed adjudication plan. *See* Mot. to Strike at 4–5; Notice of Modifications to Defs.' Proposed Adjudication Plan. To the extent Defendants rely on the Declarations to justify their proposal, the magistrate judge will resolve disputes in accordance with the court's referral for the development of a new plan. Minute Order (Dec. 1, 2022). Plaintiffs' Motion to Strike, ECF No. 216, is **DENIED** as **MOOT**.

Date: October 9, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge