**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,

                Plaintiffs,

- against -

ANTONY BLINKEN, *et al.*,

                Defendants.

Case No. 18-cv-01388-TSC MAU

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
<u>COUNT III OF PLAINTIFFS' AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT ......................................................................................................................... 4

    I.    Mandamus relief is not precluded because the contours of the plan-progress report remedy under the APA remain uncertain. ..................................... 5

    II.    Count III is not moot because class members' SIV applications remain unadjudicated. ........................................................................................................ 8

    III.    If the Court dismisses Count III, it should do so without prejudice. ...................... 9

CONCLUSION ...................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Afghan & Iraqi Allies v. Blinken*,
  643 F. Supp. 3d 148 (D.D.C. 2022), *aff'd*, 103 F.4th 807 (D.C. Cir. 2024) ............................. 3

*Afghan & Iraqi Allies v. Pompeo*,
  No. 18-cv-01388 (TSC), 2019 WL 4575565 (D.D.C. Sept. 20, 2019) ................................. 2, 9

*Am. First Legal Found. v. United States Fed. Trade Comm'n*,
  No. 23-cv-02765 (DLF), 2024 WL 3967243 (D.D.C. Aug. 25, 2024) ..................................... 7

*Am. Hosp. Ass'n v. Burwell*,
  812 F.3d 183 (D.C. Cir. 2016) ................................................................................................ 5

*Banneker Ventures, LLC v. Graham*,
  798 F.3d 1119 (D.C. Cir. 2015) .............................................................................................. 4

*In re Ctr. for Auto Safety*,
  793 F.2d 1346 (D.C. Cir. 1986) .............................................................................................. 7

*Jafarzadeh v. Duke*,
  270 F. Supp. 3d 296 (D.D.C. 2017) ..................................................................................... 7, 8

*Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*,
  219 F. Supp. 2d 20 (D.D.C. 2002) ....................................................................................... 5, 6

*\*Kirwa v. U.S. Dep't of Def.*,
  285 F. Supp. 3d 257 (D.D.C. 2018), *recons. denied*, No. 17-cv-1793 (ESH),
  2018 WL 7141989 (D.D.C. May 23, 2018) ......................................................................... 6, 7

*Lewis v. U.S. Parole Comm'n*,
  No. 22-cv-2182 (RCL), 2024 WL 3566135 (D.D.C. July 29, 2024) ....................................... 5

*Liu v. Novak*,
  509 F. Supp. 2d 1 (D.D.C. 2007) ............................................................................................ 7

*Murphy v. Dep't of Air Force*,
  326 F.R.D. 47 (D.D.C. 2018) .................................................................................................. 4

*Niles v. U.S. Capitol Police Bd.*,
  233 F. Supp. 3d 140 (D.D.C. 2017) ........................................................................................ 4

*Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the
   United States v. Kerry*,
   168 F. Supp. 3d 268 (D.D.C. 2016) .................................................................................5

*North Carolina v. Rice*,
   404 U.S. 244 (1971) ..........................................................................................................8

*Powell v. McCormack*,
   395 U.S. 486 (1969) ..........................................................................................................8

*Rai v. Biden*,
   567 F. Supp. 3d 180 (D.D.C. 2021), *rev'd on other grounds sub nom.
   Goodluck v. Biden*, 104 F.4th 920 (D.C. Cir. 2024) ........................................................9

*Tapp v. Washington Metro. Area Transit Auth.*,
   306 F. Supp. 3d 383 (D.D.C. 2016) ..................................................................................4

*Tufail v. Neufeld*,
   No. 2:14-cv-02545-TLN-CMK, 2016 WL 1587218 (E.D. Cal. Apr. 20, 2016) ...............8

*Vaz v. Neal*,
   33 F.4th 1131 (9th Cir. 2022) ............................................................................................8

**Statutes**

28 U.S.C. § 1361, Mandamus Act ...........................................................................1, 2, 5, 9

Administrative Procedure Act ....................................................................................... *passim*

Freedom of Information Act .......................................................................................................7

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1369
   (3d ed. 2004) ......................................................................................................................4

Fed. R. Civ. P. 12(b)(1) ...............................................................................................................4

Fed. R. Civ. P. 12(c) ...................................................................................................................4

Fed. R. Civ. P. 72(b) ...................................................................................................................7

Order Grant. Mot. Prelim. Inj., *Kirwa v. U.S. Dep't of Def.*, 17-cv-01793-ESH-
   GMH, Oct. 25, 2017, ECF No. 28 ...................................................................................6

**INTRODUCTION**

The Court should deny Defendants' motion to dismiss Count III of Plaintiffs' amended complaint. When Plaintiffs brought this action in 2018, they sought relief from Defendants' unreasonable delay under both the Administrative Procedure Act ("APA") and the Mandamus Act. In 2019, the Court granted summary judgment to Plaintiffs on the APA claim, ruling that Defendants had unreasonably delayed adjudicating Plaintiffs' Special Immigrant Visa ("SIV") applications, and ordered Defendants to provide an adjudication plan for promptly adjudicating those applications to completion. In 2022, following Defendants' attempt to terminate that plan, the Court directed the development of a revised plan—a process that is ongoing. Defendants claim that there is now an "adequate remedy" under the APA that precludes the mandamus claim and renders it moot. They are incorrect.

Defendants' motion is premature because no adequate remedy is in place. The initial adjudication plan was in effect for just over a year before being stayed. For the last two years, the parties have been litigating Defendants' request for modifications, and the contours of the future plan remain highly contested. Meanwhile, class members—likely in the thousands—are not benefiting from any remedy. Moreover, as long as their SIV applications remain unadjudicated, the mandamus claim is not moot. For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion. But if the Court determines that there is an adequate remedy in place upon entry of a modified adjudication plan, dismissal of Count III should be without prejudice.

**BACKGROUND**

Plaintiffs filed this lawsuit on June 12, 2018 on behalf of a class of Iraqi and Afghan nationals who seek adjudication of their SIV applications. Count I of the Amended Complaint sought a declaratory judgment that Defendants' delay in adjudicating Plaintiffs' applications was

unreasonable. Count II sought injunctive relief compelling Defendants to adjudicate Plaintiffs' unreasonably delayed applications under section 706(1) of the APA. Count III sought a writ of mandamus to compel Defendants to adjudicate Plaintiffs' applications under the Mandamus Act.[1]

In September 2019, the Court granted summary judgment to Plaintiffs on Counts I and II, declaring that Defendants' delays in adjudicating class members' SIV applications were unreasonable and ordering relief under the APA. Order, Sept. 20, 2019, ECF No. 76. As a remedy, the Court ordered Defendants to develop a "plan-progress report," which would "aid Plaintiffs in their quest for an adjudication without unduly intruding into Defendants' province." *Afghan & Iraqi Allies v. Pompeo*, No. 18-cv-01388 (TSC), 2019 WL 4575565, at *11 (D.D.C. Sept. 20, 2019). The Court did not order adjudication of all class members' applications by a date certain; rather, the Court allowed Defendants to develop a plan that sets timelines for adjudicating applications and to report on their progress. *Id*.

On June 14, 2020, the Court entered that adjudication plan (the "Previous Plan"). *See* ECF No. 113. While the Previous Plan was in effect, Defendants consistently failed to meet performance benchmarks, submitted reports riddled with errors, and did not propose or identify remedial steps to improve their performance, as required. *See* ECF No. 157 at 5-6; ECF No. 168 at 9-11. On October 19, 2021, the Parties agreed to a stay of Defendants' obligations under the Previous Plan to pursue settlement, which was not successful. *See* ECF No. 154 at 5-7. On March 15, 2022, the Court *sua sponte* extended the stay of the Previous Plan, which remains stayed today. *See* Min. Order, Mar. 15, 2022.

---

[1] Counts IV and V of the Amended Complaint sought to compel Defendants to appoint two SIV coordinators for Afghanistan and Iraq, as required by statute. Am. Compl. ¶¶ 84-92. Following a stipulation by the parties regarding the designation of officials to those roles, the counts were dismissed on October 4, 2024. ECF No. 251.

2

In 2022, Defendants filed a motion for relief from the Court's summary judgment order, arguing that the Court should permanently relieve Defendants of their obligations under the Previous Plan. Defs.' Mot. for Relief, ECF No. 163. On November 22, 2022, this Court affirmed its summary judgment order but recognized that the Previous Plan may need modifications to reflect changed circumstances, including to account for the SIV applicants who had entered the class since May 2020. *See Afghan & Iraqi Allies v. Blinken*, 643 F. Supp. 3d 148, 155-57 (D.D.C. 2022), *aff'd*, 103 F.4th 807, 811 (D.C. Cir. 2024). Since November 2022, the parties have been litigating the contours of the modified adjudication plan, including some of its most basic aspects. *See* ECF Nos. 207, 243, 244, 246; *see also* Tr. of Hr'g on Adjudication Plan at 12:14-16, 22:17-23:17, 29:19-20, 45:17-46:22 (describing outstanding points of contention, such as whether plan should require tracking of class members or timing benchmarks at all steps). At a hearing on October 10, 2024, Magistrate Judge Upadhyaya reviewed the proposed plan and made rulings on the record. On October 16, 2024, the parties jointly submitted a proposed plan reflecting those rulings for consideration by Judge Upadhyaya and by this Court. ECF No. 254. Defendants intend to object to the proposed plan. ECF No. 258.

In Defendants' most recent progress report, they reported that over 2,000 class members under the Previous Plan (i.e., those whose applications were unreasonably delayed as of May 21, 2020) were waiting for decisions on their applications as of November 30, 2022—over two years after the Previous Plan was entered. *See* ECF No. 218-1 (correcting Progress Report and Supplemental Report, Jan. 3, 2023, ECF Nos. 193-1, 193-2). On October 4, 2024, the Court amended the class to include applicants who were awaiting government action on their applications for longer than nine months on or before November 30, 2022. *See* ECF No. 251. Defendants have

3

not provided any information regarding the number of class members who are currently awaiting adjudication of their applications.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" *Niles v. U.S. Capitol Police Bd.*, 233 F. Supp. 3d 140, 142 (D.D.C. 2017) (citation omitted). Further, the court may supplement the complaint with "undisputed facts evidenced in the record, or . . . the court's resolution of disputed facts." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (citation omitted).

To succeed on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the defendant must "demonstrate that the law entitles [it] to win given the undisputed facts that have been alleged in both parties' pleadings." *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018). The burden is "substantial": the defendant must show that there is no material dispute of fact and also that the law entitles the defendant to judgment as a matter of law. *Id*. at 49. Thus, "courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Tapp v. Washington Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 392 (D.D.C. 2016) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1369 (3d ed. 2004)).

## ARGUMENT

The Court should not dismiss Count III because there is no adequate APA remedy in place that precludes mandamus jurisdiction. Nor is Count III moot because class members are still waiting for Defendants to adjudicate their SIV applications. If, however, the Court later determines

4

that the remedy it enters is adequate and warrants dismissal of Count III, the Court should dismiss the claim without prejudice to preserve Plaintiffs' ability to seek mandamus relief if the APA remedy or this Court's orders are revisited.

**I.   Mandamus relief is not precluded because the contours of the plan-progress report remedy under the APA remain uncertain.**

Count III of the Amended Complaint alleges that, pursuant to the Mandamus Act, Plaintiffs are entitled to a writ of mandamus compelling Defendants to adjudicate the delayed SIV applications of class members. The Mandamus Act grants district courts jurisdiction to hear "action[s] in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is available when plaintiffs show "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Defendants argue that relief under the Mandamus Act is precluded because the APA claim provides an adequate available remedy, but they are wrong. Courts in this district have repeatedly recognized that mandamus claims can proceed in parallel with APA claims where it would be "premature and inappropriate to determine whether the relief of mandamus will or will not issue." *See Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 219 F. Supp. 2d 20, 44 (D.D.C. 2002); *see also Lewis v. U.S. Parole Comm'n*, No. 22-cv-2182 (RCL), 2024 WL 3566135, at *10 (D.D.C. July 29, 2024) (explaining that courts in this district wait to define the contours of the APA remedy and plaintiffs' entitlement to that remedy before dismissing a well-pleaded mandamus claim); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 296 (D.D.C. 2016) (holding that plaintiffs had properly stated claims under both the APA and the Mandamus Act).

5

Defendants' motion is premature because there is no remedy in place and the contours of any future remedy are far from resolved. This Court ruled in favor of Plaintiffs' APA claim in September 2019 and adopted the Previous Plan in June 2020. In November 2022, following Defendants' unsuccessful attempt to vacate the plan in its entirety, the Court allowed Defendants to propose modifying the plan where warranted by changed circumstances, including to account for the entry of new class members. Since then, the parties have been actively litigating the basic components of the future modified plan. *See* Defs.' Notice of Lodging New Proposed Adjudication Plan, ECF No. 207; Pls.' Objs. to Defs.' Proposed Revised Adjudication Plan, ECF No. 217; Defs.' Notice of Lodging Modifications to Proposed Adjudication Plan, ECF No. 243; Pls.' Objs. to Defs.' Modifications, ECF No. 244; Defs.' Reply in Support of Modifications to Proposed Adjudication Plan, ECF No. 246; Tr. of Hr'g on Adjudication Plan, ECF No. 255; Notice of Lodging Joint Proposed Revised Adjudication Plan, ECF No. 254; Defs' Mot. to Clarify, ECF No. 258 (seeking clarification and extension to file objections to R&R). Meanwhile, there is no remedy in place for the class members covered by the Previous Plan or the class members who joined the class since May 21, 2020. Because the contours of the APA relief—and the compliance with that relief—are undefined, dismissing the mandamus claim would be "premature." *Jud. Watch*, 219 F. Supp. 2d at 44.

The decision by another court in this district, *Kirwa v. United States Department of Defense*, 285 F. Supp. 3d 257 (D.D.C. 2018), is instructive. There, the court granted class-wide relief under the APA in the form of a plan-progress report remedy. *See* Order Grant. Mot. Prelim. Inj., *Kirwa v. U.S. Dep't of Def.*, 17-cv-01793-ESH-GMH, Oct. 25, 2017, ECF No. 28. The agency defendants sought to dismiss a mandamus count. The court denied their motion to dismiss, stating:

> [D]efendants continue to dispute the Court's authority to grant plaintiffs relief under the APA, and it would be premature to dismiss

6

> a cause of action on the ground that an adequate alternative remedy
> exists before determining the contours of that remedy and plaintiffs'
> entitlement to that remedy.

*Kirwa*, 285 F. Supp. 3d at 275-76, *recons. denied*, No. 17-cv-1793 (ESH), 2018 WL 7141989 (D.D.C. May 23, 2018). Here, Defendants, like the *Kirwa* defendants, "continue to dispute the Court's authority to grant plaintiffs relief under the APA." *Id.* at 275*; see e.g.* Defs.' Mot. for Relief from J., ECF No. 163; Defs.' Notice of Appeal on Order on Mot. for Relief from J., ECF No. 204. Defendants sought to stay and terminate the Previous Plan even while thousands of unreasonably delayed applications awaited adjudication, ECF No. 163. A revised adjudication plan has not been entered, but Defendants have stated their intent to object to the proposed plan developed in proceedings before Judge Upadhyaya, *see* ECF No. 258, and even after the parties finish briefing such objections, this Court will have to review the plan *de novo*, *see* Fed. R. Civ. P. 72(b). Therefore, the Court cannot yet ascertain whether there will be an adequate alternative remedy to mandamus relief. *See In re Ctr. for Auto Safety*, 793 F.2d 1346, 1354 (D.C. Cir. 1986) (retaining mandamus jurisdiction "because of [the agency's] history of chronic delay and its repeated failure to meet its own projections").

Nor do the cases Defendants cite support dismissal. In *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 303-04, 311 (D.D.C. 2017), the court dismissed both the APA and mandamus claims arising from the agency's delay in deciding the plaintiff's adjustment of status application. But there, unlike here, the agency already had finally adjudicated the application. *America First Legal Foundation v. United States Federal Trade Commission*, No. 23-cv-02765 (DLF), 2024 WL 3967243, at *2, *4-5 (D.D.C. Aug. 25, 2024), considered whether mandamus could compel disclosure of records under the Freedom of Information Act, not the adjudication of applications under the APA. And in *Liu v. Novak*, 509 F. Supp. 2d 1, *9 n.3 (D.D.C. 2007), the court did not dismiss the mandamus claim despite granting summary judgment under the APA claims.

7

## II. Count III is not moot because class members' SIV applications remain unadjudicated.

Defendants also argue that the "mandamus-*like*" relief ordered by the court moots the mandamus claim. Mot. to Dismiss at 8 (emphasis added). That argument ignores basic principles. The mootness doctrine arises from the constitutional requirement that courts exercise authority over actual, ongoing controversies. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A case is moot when "the parties lack a legally cognizable interest in the outcome," *id.*, and a court decision "cannot affect the rights of litigants in the case," *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). For instance, a mandamus action becomes moot when the agency performs the ministerial duty owed, e.g., rendering a decision on an immigration application. *See, e.g.*, *Jafarzadeh*, 270 F. Supp. 3d at 311 (mandamus action mooted because "USCIS has now adjudicated the plaintiffs' applications").

That is not the situation in this case. Here, all class members—likely numbering in the thousands—are still waiting for government action on their applications. As long as class members' applications remain unadjudicated, the mandamus claim is not moot. For this reason, the cases that Defendants cite are inapposite. *See* Defs' Mot. to Dismiss, ECF No. 248 at 9. In those cases, the court ordered the agency to promptly adjudicate the delayed application in question, or the agency had already adjudicated the application. *See Tufail v. Neufeld*, No. 2:14-cv-02545-TLN-CMK, 2016 WL 1587218, at *9 (E.D. Cal. Apr. 20, 2016) (ordering USCIS to adjudicate adjustment application within 30 days); *Jafarzadeh*, 270 F. Supp. 3d at 303, 311 (dismissing mandamus claim as moot because application was already adjudicated).[2] Here, by

---

[2] Defendants also cite as support cases where the mandamus claim was *not* dismissed for mootness. Defs' Mot. to Dismiss, ECF No. 249 at 8-9. In *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022), the court did not dismiss the mandamus claim for *mootness*, but dismissed both APA and mandamus claims on the merits under the *TRAC* analysis. Nor did this Court dismiss the

8

contrast, although Defendants will eventually be required to abide by an adjudication plan, Defendants have not completed adjudication of class members' applications, nor are they currently under a court-ordered obligation to do so by a date certain. *See Allies*, 2019 WL 4575565, at *11. Until class members receive decisions on their applications, the mandamus claim is not moot.

### III.     If the Court dismisses Count III, it should do so without prejudice.

If the Court determines at a later point that there is an adequate remedy in place and dismisses Count III, it should do so without prejudice. As described above, this Court has not yet entered an adjudication plan, and thus Defendants have not yet complied with the plan. The future adjudication plan and the Court's earlier orders may be reconsidered in subsequent proceedings in this case or on appeal. *See* Defs.' Mot. for Recons., ECF No. 79; Defs.' Notice of Appeal on Summ. J. Order, ECF No. 117; Defs.' Mot. for Relief from J., ECF No. 163; Defs.' Notice of Appeal on Order on Mot. for Relief from J., ECF No. 204. Dismissal without prejudice would preserve Plaintiffs' ability to seek relief under the Mandamus Act as necessary to vindicate the delays this Court has already deemed to be egregious and unlawful.

### CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion to Dismiss Count III of the Plaintiffs' Amended Complaint.

Dated: October 31, 2024

Respectfully submitted,

---

mandamus claim for mootness in *Rai v. Biden*, 567 F. Supp. 3d 180 (D.D.C. 2021), *rev'd on other grounds sub nom. Goodluck v. Biden*, 104 F.4th 920 (D.C. Cir. 2024). There, diversity visa selectees sought a preliminary injunction under the APA and Mandamus Act. This Court granted a preliminary injunction under the APA. It did *not* dismiss the mandamus claim, for mootness or otherwise. *Id.* at 200, 203-04.

9

| | |
|---|---|
| /s/ Kimberly Grano | /s/ Rebecca C. Kerr |
| Kimberly Grano (D.D.C. Bar No. NY0512) | Linda H. Martin (D.D.C. Bar No. NY0210) |
| Deepa Alagesan (D.D.C. Bar No. NY0261) | David Y. Livshiz (D.D.C. Bar No. NY0269) |
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT | Rebecca C. Kerr (D.D.C. Bar No. NY0267) |
| One Battery Park Plaza, 33rd Floor | Wang Jae Rhee (admitted *pro hac vice*) |
| New York, New York 10004 | FRESHFIELDS US LLP |
| Telephone: (646) 946-7453 | 3 World Trade Center |
| kgrano@refugeerights.org | 175 Greenwich St. 51st Floor |
| dalagesan@refugeerights.org | New York, New York 10007 |
| | Telephone: (212) 277-4000 |
| Melissa S. Keaney (D.D.C. Bar No. CA00064) | Facsimile: (212) 277-4001 |
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT | linda.martin@freshfields.com |
| P.O. Box 2291 | david.livshiz@freshfields.com |
| Fair Oaks, California 95628 | rebecca.kerr@freshfields.com |
| Telephone: (916) 546-6125 | wangjae.rhee@freshfields.com |
| mkeaney@refugeerights.org | |
| | Justin C. Simeone (D.D.C. Bar No. 252751) |
| | Carla Sung Ah Yoon (admitted *pro hac vice*) |
| | FRESHFIELDS US LLP |
| | 700 13th Street, NW, 10th Floor |
| | Washington, D.C. 20005 |
| | Telephone: (202) 777-4543 |
| | justin.simeone@freshfields.com |
| | carla.yoon@freshfields.com |
| | |
| | J. Mia Tsui (D.D.C. Bar No. CA00167) |
| | FRESHFIELDS US LLP |
| | 855 Main Street, Third Floor |
| | Redwood City, CA 94063 |
| | Telephone: (650) 618-9250 |
| | mia.tsui@freshfields.com |
| | |
| | *Attorneys for Plaintiffs and Class Counsel* |