UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> **MARCO A. RUBIO**, *et al.*, <br><br> Defendants. | Civil Action No. 18-1388 (TSC) (MAU) |

## MEMORANDUM OPINION

Plaintiffs—a class of Afghan and Iraqi Special Immigrant Visa (SIV) applicants whose applications have been pending for more than nine months—brought this class action to compel Defendants—the U.S. Department of State, U.S. Department of Homeland Security, and officials at those agencies—to process and adjudicate their SIV applications in accordance with Congress's instructions. Defendants have moved to dismiss Count III for relief under the Mandamus Act, 28 U.S.C. § 1361, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defs.' Mot. to Dismiss Count III, ECF No. 249 ("MTD"). For the following reasons, the court will GRANT Defendants' motion.

I.   BACKGROUND

The court assumes the parties' familiarity with the facts of this case and recites only what is necessary to resolve the pending motion.[1] Congress enacted the Refugee Crisis in Iraq Act of 2007 ("RCIA"), Pub. L. No. 110-181, §§ 1241–49, 122 Stat. 395 (2008), and Afghan Allies Protection Act of 2009 ("AAPA"), Pub. L. No. 111-8, §§ 601–02, 123 Stat. 807 (2009), authorizing the Secretary of State to grant SIVs to Iraqi and Afghan nationals who worked for the U.S. Government or International Security Assistance Force for at least one year, provided "faithful and valuable service," and experienced "an ongoing serious threat" as a result.  RCIA § 1244(b)(1); AAPA § 602(b)(1).  In 2013, to address the slow pace of SIV applications, Congress amended the RCIA and AAPA to require Defendants to complete all government-controlled steps within nine months.  *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, §§ 1218–19, 127 Stat. 672, 910–15 (2013).

In 2018, five SIV applicants filed this lawsuit on behalf of a class of Afghan and Iraqi SIV applicants whose applications have been pending for more than nine months. ECF No. 1. Plaintiffs' Amended Complaint asserts five claims—Counts I and II seek declaratory and injunctive relief for unreasonable delay under the Administrative Procedure Act ("APA"); Count III seeks a writ of mandamus to compel adjudication of their SIV applications under the Mandamus

---

[1] *See, e.g.*, *Afghan & Iraqi Allies v. Pompeo*, No. 18-CV-01388 (TSC), 2019 WL 367841 (D.D.C. Jan. 30, 2019) (*Afghan & Iraqi Allies I*); *Afghan & Iraqi Allies v. Pompeo*, No. 18-CV-01388 (TSC), 2019 WL 4575565 (D.D.C. Sept. 20, 2019) (*Afghan & Iraqi Allies II*); *Afghan & Iraqi Allies v. Pompeo*, 643 F. Supp. 3d 148, 157 (D.D.C. 2022) (*Afghan & Iraqi Allies III*), *aff'd*, 103 F.4th 807 (D.C. Cir. 2024).

Act, 28 U.S.C. § 1361; and Counts IV and V seek appointment of SIV coordinators under the APA and Mandamus Act.  Am. Compl. ¶¶ 68–92, ECF No. 23.[2]

In 2019, the court granted summary judgment to Plaintiffs on their unreasonable delay claims under the APA and ordered the parties to develop a joint plan for promptly processing and adjudicating the applications of current class members.  *Afghan & Iraqi Allies II*, 2019 WL 4575565, at *11.  The court approved the parties' proposed joint plan in June 2020 (the "2020 Plan"), ECF No. 113.  The 2020 Plan was in effect for over a year, during which time Defendants filed four quarterly progress reports.  *Afghan & Iraqi Allies III*, 643 F. Supp. 3d at 152.  At the parties' request, the court stayed the 2020 Plan, effective October 2021, to allow for settlement discussions.  *Id.*

Then, in May 2022, Defendants moved for relief from the judgment, Mot. for Relief from J., ECF No. 163, which the court granted in part and denied in part, *Afghan & Iraqi Allies III*, 643 F. Supp. 3d at 157.  The court determined that the Government's delay in adjudicating Plaintiffs' applications remained unreasonable, but intervening factual developments warranted modifying the 2020 Plan.  *Id.*  The court referred the case to a magistrate judge to develop a revised plan, *id.*, but stayed proceedings pending Defendants' appeal of the court's ruling on Defendants' motion for relief from judgment, Min. Order (Mar. 18, 2024).  After the D.C. Circuit affirmed the court's ruling, the court lifted the stay.  Min. Order (July 29, 2024).  In November 2024, Magistrate Judge Upadhyaya adopted a Revised Adjudication Plan.  Order Adopting Revised Adjudication Plan at 2, ECF No. 260.  The court resolved Defendants' objections to Judge Upadhyaya's rulings under Federal Rule of Civil Procedure 72(a), adopting in part and modifying in part Judge Upadhyaya's

---

[2] The court granted the parties' joint motion to dismiss Counts IV and V as moot in October 2024.  ECF No. 251.

Revised Adjudication Plan. ECF No. 272. On June 5, 2025, the court approved the Revised Adjudication Plan. *Id.*

Defendants have moved to dismiss Count III for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 249.

## II.     LEGAL STANDARD

The law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Turner v. Bank of North Am.*, 4 U.S. 8, 10 (1799)). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F. 3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F. 3d 970, 972 (D.C. Cir. 2005)). "[T]he court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). The court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citation omitted).

## III.     ANALYSIS

Mandamus relief is "an option of last resort," *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (citation omitted), that is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Council of and for the Blind of De. Cnty. Valley v. Regan*, 709 F.2d 1521, 1533 (D.C.

Cir. 1983) (en banc).  If "all three of these threshold requirements" are not met, the court must dismiss the petition for lack of subject matter jurisdiction.  *Ferriero*, 60 F.4th at 714.  "In other words, mandamus jurisdiction under § 1361 merges with the merits."  *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (cleaned up).

Plaintiffs' mandamus claim cannot proceed because the APA provides an adequate alternative remedy, as demonstrated by the court's prior rulings granting relief under the APA.  *See, e.g.*, *Afghan & Iraqi Allies II*, 2019 WL 4575565, at *11; *Afghan & Iraqi Allies III*, 643 F. Supp. 3d at 157; Order Approving Revised Adjudication Plan, ECF No. 272.  "The standards for APA relief under § 706(1) and for mandamus [] are identical."  *Citizens for Resp. & Ethics in Wash. (CREW) v. SEC*, 916 F. Supp. 2d 141, 151 (D.D.C. 2013) (citing *Norton v. So. Utah Wilderness All.*, 542 U.S. 55, 63 (2004)).  Plaintiffs' claims for injunctive relief under Section 706(1) of the APA in Count II and mandamus relief in Count III both seek to "compel[] Defendants to adjudicate their SIV applications."  Am. Compl. ¶¶ 77, 83.  Because Plaintiffs can—and in fact have—obtained relief under the APA, mandamus relief is not available.  *See, e.g.*, *Action All. of Senior Citizens v. Leavitt*, 483 F.3d 852, 858 (D.C. Cir. 2007) ("[T]he existence of an administrative remedy under Subchapter II . . . precludes the exercise of mandamus, which is available only if no other adequate remedy is available to plaintiff." (cleaned up)); *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005) ("Because the CSRA regime affords beneficiaries an adequate remedy . . . , there is no jurisdiction to issue the writ.") *CREW,* 916 F. Supp. at 152 ("Plaintiff's mandamus claim cannot prevail because CREW does have another available remedy in the APA."); *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 311 (D.D.C. 2017) (dismissing mandamus claim "because plaintiffs are able to assert the same claim through the APA"); *Arabzada v. Donis*,

725 F. Supp. 3d 1, 13 n.1 (D.D.C. 2024) ("Because the APA provides an adequate remedy, mandamus relief is not available here." (citation omitted)).

Plaintiffs argue dismissal is premature because "there is no remedy in place and the contours of any future remedy are far from resolved." Opp'n at 6. That was true when the parties briefed Defendants' motion to dismiss. But the court has since approved the Revised Adjudication Plan, putting in place a clearly defined remedy under the APA. ECF No. 272. Although APA and mandamus claims may proceed in parallel when relief under the APA remains unclear, *see Kirwa v. U.S. Dep't of Def.*, 285 F. Supp. 3d 257, 275–76 (D.D.C. 2018), the court lacks jurisdiction to issue a writ of mandamus once it determines the APA provides a remedy, *Fornaro*, 416 F.3d at 69. Because the court granted relief under the APA, it lacks jurisdiction to issue mandamus relief. Therefore, the court will grant Defendants' motion and dismiss Count III without prejudice.[3]

Because the court lacks subject matter jurisdiction, it need not address Defendants' alternative argument for dismissal on the merits as a matter of discretion. *See Steele Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

### IV.   CONCLUSION

For the reasons stated above, the court will GRANT Defendants' motion to dismiss Count III. An Order shall accompany this Opinion.

Date: June 6, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3] The parties agree that dismissal without prejudice is appropriate when dismissing a mandamus claim for lack of subject matter jurisdiction based on the availability of an alternative, adequate remedy. Defs.' Reply at 8–9, ECF No. 263; Opp'n at 9.