**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>– against –<br><br>MARCO A. RUBIO, *et al.*,<br><br>Defendants. | Case No. 18-cv-01388-TSC-MAU<br><br>Judge Tanya S. Chutkan |

**<u>DEFENDANTS' NOTICE OF LODGING PROGRESS REPORT</u>**

Defendants, through their undersigned counsel, file this notice of lodging for Defendants' Progress Report pursuant to the Court's June 5, 2025 Order, ECF No. 272.

Defendants' Progress Report covers the period of September 4, 2025, to December 3, 2025. A copy of the Progress Report is attached as Exhibit A.

Dated: December 23, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director
Office of Immigration Litigation

RUTH ANN MUELLER
DAVID J. BYERLEY
Senior Litigation Counsel

RICHARD G. INGEBRETSEN
JOSHUA A. CLEM
Trial Attorneys

*/s/ Jaime A. Scott*
JAIME A. SCOTT (DC Bar #90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box. 868, Washington, DC 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

# EXHIBIT A

# PROGRESS REPORT

Defendants submit this Progress Report as required under the Court's Order of June 5, 2025 (ECF No. 272). The Progress Report is for the period of September 4, 2025 to December 3, 2025.

## I. Class Member Breakdown[1]

Refugee Crisis in Iraq Act of 2007

A. Report

| | Number of Class Members at the beginning of reporting period (as of September 4, 2025) | Number of Class Members at the end of reporting period (as of December 3, 2025) | Number of Class Members entering the step during the reporting period | Number of Class Members completing the step during the reporting period | Number of Class Members beginning and ending the reporting period in the step |
|---|---|---|---|---|---|
| **Step 4** | [0] | [0] | [0] | [0] | [0] |
| **Step 6** | [0] (Total number of petitions pending at the beginning of the reporting period (as of September 4, 2025)<br>[0] awaiting government action)<br>[0] (awaiting applicant action)<br>[0] (national security cases | [0] (Total number of petitions pending a final action at the end of the reporting period (as of December 3, 2025)<br>[0] (awaiting government action)<br>[0] (awaiting applicant action) | [0] (Number of petitions receipted during the reporting period) | [0] (Total number of petitions approved, denied, or administratively closed during the reporting period)<br>[0] (approved)<br>[0] (denied)<br>[0] (administratively closed) | [0] (Total number of petitions receipted before the reporting period and pending final action as of the end of the reporting period)<br>[0] (awaiting government action)<br>[0] (national security cases |

[1] The parties acknowledge that this report may include SIV applicants outside of the Court's class definition that the parties have nonetheless agreed to treat as class members because no class identification methodology can perfectly capture class members given the manner in which Defendants maintain records for SIV applicants.

| | Number of Class Members at the beginning of reporting period (as of September 4, 2025) | Number of Class Members at the end of reporting period (as of December 3, 2025) | Number of Class Members entering the step during the reporting period | Number of Class Members completing the step during the reporting period | Number of Class Members beginning and ending the reporting period in the step |
|---|---|---|---|---|---|
| | pending between 90 to 180 days)<br><br>[0] (national security cases pending between 181 to 240 days)<br><br>[0] (national security cases pending greater than 241 days) | [0] (national security cases pending between 90 to 180 days)<br><br>[0] (national security cases pending between 181 to 240 days)<br><br>[0] (national security cases pending greater than 241 days) | | | pending between 90 to 180 days)<br><br>[0] (national security cases pending between 181 to 240 days)<br><br>[0] (national security cases pending greater than 241 days)<br><br>[0] (awaiting applicant action) |
| **Step 10** | [0] (awaiting interview scheduling)<br><br>[0] (awaiting interview) | [0] (awaiting interview scheduling)<br><br>[0] (awaiting interview) | [0] | [0] | [0] (awaiting interview scheduling)<br><br>[0] (awaiting interview) |
| **Step 12**[2] | [385] (Total number of cases | [380] (Total number of cases | [0] | [5] | [380] (Total number of cases |

[2] For purposes of this reporting, cases in administrative processing include any class member whose application was refused under INA section 221(g) (8 U.S.C. § 1201(g)). As a result, this is a broad category and includes many cases that are not in government control, including cases where a consular officer refuses the visa application because a class member fails to provide information or documentation required to establish their eligibility. Significantly, this category also includes cases that were refused under INA section 221(g) and no further action is anticipated, such as cases in which the applicant's COM approval was withdrawn. Because government systems do not specifically identify these different reasons for refusal, the number of cases included in the top row of this Step is overinclusive, as it goes well beyond those class members who are actually awaiting government action at this step.

| | Number of Class Members at the beginning of reporting period (as of September 4, 2025) | Number of Class Members at the end of reporting period (as of December 3, 2025) | Number of Class Members entering the step during the reporting period | Number of Class Members completing the step during the reporting period | Number of Class Members beginning and ending the reporting period in the step |
|---|---|---|---|---|---|
| | in administrative processing)<br><br>[19] (national security cases pending greater than 120 days)<br><br>[18] (national security cases pending greater than 180 days)<br><br>[14] (national security cases pending greater than 1 year) | in administrative processing)<br><br>[13] (national security cases pending greater than 120 days)<br><br>[13] (national security cases pending greater than 180 days)<br><br>[11] (national security cases pending greater than 1 year) | | | in administrative processing)<br><br>[13] (national security cases pending greater than 120 days)<br><br>[13] (national security cases pending greater than 180 days)<br><br>[11] (national security cases pending greater than 1 year) |
| **Step 13** | | | | [4] (Visas issued) | |

B. Performance Standards

1. Standards Met

For the period of this Progress Report, Defendants met the performance standards in the Revised Adjudication Plan for Steps 2, 3, 4, 6, 7, 9, 10, and 11.

2. Standards Not Met

For the period of this Progress Report, Defendants did not meet the performance standards in the Revised Adjudication Plan for Step 12.

a. Step 12

i. Performance Standard: All cases refused under INA section 221(g) (8 U.S.C. § 1201(g)) for administrative processing that is solely within the Department of State's control will be completed within 90 calendar days.

All cases refused under INA section 221(g) (8 U.S.C. § 1201(g)) for administrative processing that is not solely within the Department of State's control and which require additional processing time to reconcile any national security concerns, see AAPA § 602(b)(4)(B), RCIA § 1242(c)(2), will be identified in the progress reports in the following manner: number of cases pending greater than 120 calendar days; number of cases pending greater than 180 calendar days; and number of cases pending greater than one year.

For the purpose of progress reporting, the beginning date for these cases is the date the consular officer placed the case in administrative processing.

The Department of State will request that third party agencies expedite the processing of class members. The Department of State cannot require a third-party agency to complete their actions in any particular timeframe.

ii. Actual Performance: During the reporting period, one case that underwent administrative processing for national security vetting was completed, which took 3,051 days. There were no cases closed within the 90-day performance standard.

During the reporting period, there were no cases for which consular officers requested legal guidance from the Office of the Legal Adviser.

Because Department of State systems do not track time spent in government and applicant control for cases refused for reasons other than national security vetting or legal guidance, data on this performance standard is not available for these other cases. Therefore, the

Department of State cannot determine whether there were any such cases that were solely within its control that were not completed within the 90-day performance standard.

Cases refused for reasons other than national security vetting or for legal guidance commonly include time spent in applicant or other third-party control. For example, administrative processing includes situations in which the consular officer refuses the visa application and requests further information from the applicant.[3] Therefore, while data is not available on all cases in administrative processing, the data includes those that are not solely within the Department of State's control and, thus, are properly excluded from the performance data for this step.

iii. Explanation: Administrative processing for national security vetting involves coordination with interagency partners. The Department of State cannot require a third-party agency to complete their actions within any particular timeframe. Some cases require intensive interagency engagement to reach a determination, which can lengthen the time needed for administrative processing on the individual case and reduce the resources available to process other cases.

Further, given the deadline to submit a COM application for an Iraqi SIV, the few class members that remain in administrative processing for national security vetting tend to be the most complex cases. The national security vetting that was concluded during the reporting period after 3,051 days in administrative processing is an example of such a case. After an extensive investigation, the national security vetting resulted in a finding by the consular officer that the applicant was ineligible under

[3] *See* https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html (last accessed December 11, 2025).

INA 212(a)(3)(B). For this reason, the Department of State did not meet the performance standard for this step.

The Department of State has been undertaking an effort to review the status of cases undergoing national security vetting to identify delays due to potential technical or procedural hang-ups that may be within its control. When such cases are identified, the Department takes appropriate action to ensure timely completion of such vetting.

Afghan Allies Protection Act of 2009

A. Report

| | **Number of Class Members at the beginning of reporting period (as September 4, 2025)** | **Number of Class Members at the end of reporting period (as of December 3, 2025)** | **Number of Class Members entering the step during the reporting period** | **Number of Class Members completing the step during the reporting period** | **Number of Class Members beginning and ending the reporting period in the step** |
|---|---|---|---|---|---|
| Step 4[4] | [8,685] (new applications and reapplications)<br>[7,006] (appeals) | [7,619] (new applications and reapplications)<br>[7,278] (appeals) | [610] (new applications and reapplications)<br>[771] (appeals) | [1,501] (new applications and reapplications)<br>[435] (appeals) | [7,081] (new applications and reapplications)<br>[6,605] (appeals) |
| Step 9[5] | [2,342] (awaiting interview scheduling)<br>[50] (awaiting interview)<br>[2,309] (awaiting interview scheduling at post where | [3,746] (awaiting interview scheduling)<br>[110] (awaiting interview)<br>[3,704] (awaiting interview | [1,601] | [143] | [2,242] (awaiting interview scheduling)<br>[0] (awaiting interview)<br>[2,230] (awaiting interview |

[4] There may be short lags between when a case enters or exits the step and when the system is updated to reflect that change. While such lags are generally only a few days, they may result in a case appearing in multiple columns if the lag occurs at the beginning or end of the reporting period. This may cause relatively small discrepancies between the columns, such that each column does not perfectly add and subtract to produce the data in the other columns as well as between data reported at the end of the prior reporting period and the beginning of this reporting period.

[5] Data in the top two rows is inclusive of data in the bottom two rows. For, example, there are a total of 2,342 individuals awaiting interview scheduling and, of that, 2,309 are awaiting scheduling at a post where demand exceeds capacity. Further, cases may move in and out from the prior step of being documentarily complete to the current step of awaiting interview scheduling. Changes in the status of cases during the reporting period may cause relatively small discrepancies between the columns, such that each column does not perfectly add and subtract to produce the data in the other columns and as between data from the end of the prior reporting period and the numbers reported at the beginning of this reporting period.

| | Number of Class Members at the beginning of reporting period (as September 4, 2025) | Number of Class Members at the end of reporting period (as of December 3, 2025) | Number of Class Members entering the step during the reporting period | Number of Class Members completing the step during the reporting period | Number of Class Members beginning and ending the reporting period in the step |
|---|---|---|---|---|---|
| | demand exceeds capacity[6])<br><br>[19] (awaiting interview at post where demand exceeds capacity) | scheduling at post where demand exceeds capacity)<br><br>[49] (awaiting interview at post where demand exceeds capacity) | | | scheduling at post where demand exceeds capacity)<br><br>[0] (awaiting interview at post where demand exceeds capacity) |
| Step 11[7] | [2,511] (Total number of cases in administrative processing)<br><br>[135] (national security cases pending greater than 120 days)<br><br>[123] (national security cases pending greater than 180 days)<br><br>[93] (national security cases | [2,609] (Total number of cases in administrative processing)<br><br>[138] (national security cases pending greater than 120 days)<br><br>[129] (national security cases pending greater than 180 days)<br><br>[99] (national security cases | [316] | [218] | [2,408] (Total number of cases in administrative processing)<br><br>[137] (national security cases pending greater than 120 days)<br><br>[128] (national security cases pending greater than 180 days)<br><br>[99] (national security cases |

[6] The Department of State considers any post that had 10 or more cases that were not scheduled after the scheduling cycle was run to be a post where demand exceeds capacity. The number was set at 10 because a small number of cases may not be scheduled for reasons other than backlogs. Therefore, the Department of State determined that posts that had more than 10 of such cases was a reasonable way to define this metric.

[7] *See supra* n.2.

| | **Number of Class Members at the beginning of reporting period (as September 4, 2025)** | **Number of Class Members at the end of reporting period (as of December 3, 2025)** | **Number of Class Members entering the step during the reporting period** | **Number of Class Members completing the step during the reporting period** | **Number of Class Members beginning and ending the reporting period in the step** |
|---|---|---|---|---|---|
| | pending greater than 1 year) | pending greater than 1 year) | | | pending greater than 1 year) |
| Step 12 | | | | [415] (Visas issued) | |

B. Performance Standards

1. Standards Met

For the period of this Progress Report, Defendants met the performance standards in the Revised Adjudication Plan for Steps 2, 3, 5, 7, and 10.

2. Standards Not Met

For the period of this Progress Report, Defendants did not meet the performance standards in the Revised Adjudication Plan for Steps 4, 9, and 11.

a. Step 4

i. Performance Standard: COM Designee will adjudicate a completed application or appeal within 120 calendar days of receipt from the NVC.

ii. Actual Performance: Class members who began and ended the reporting period at this stage have been pending COM Designee review for, on average, 643 days. A total of 193 applications and reapplications from class members were processed within the 120-day performance standard, which was approximately 13 percent of all class members' applications that were processed during the reporting period. A total of 75 appeals from class members were processed within the 120-day performance standard, which was

approximately 17 percent of all class members' appeals that were processed during the reporting period.

iii. Explanation: Particularly due to the massive influx of cases in the months following August 2021, many of the cases submitted by class members have now been pending review by the COM Designee for over 120 calendar days. As a result, the relatively low number of cases completed within the performance standard does not accurately capture efforts to process these cases. During this reporting period, the average COM processing time for class members decreased by 20 days. Class members now represent 27 percent of all cases pending COM review, down from 31 percent in the previous reporting period.

The Department of State must ensure that measures implemented to facilitate the processing of Afghan SIVs, including COM applications, prioritize the protection of the national security of the United States. Each step in the COM process is designed to ensure that only those who qualify for Special Immigrant status receive COM approval.

In response to a congressional mandate[8], the Department of State began processing COM cases within priority tiers in fiscal year 2020. Among the class members, 76 percent have cases in the two lowest-priority tiers. As a result, non-class member cases in higher-priority tiers that were submitted more recently may be processed before class member cases in lower-priority tiers.

Certain applications may take additional time to review because, for example, credible evidence of employment is not readily available. Company mergers and acquisitions, as well as a lack of records for even large companies that previously operated in Afghanistan,

[8] *See* Consolidated Appropriations Act, 2019, Section 7076 of Pub. L. 116-6.

further complicate COM review for cases in the lowest-priority tiers

During the government shutdown from October 1, 2025, to November 12, 2025, two-thirds of U.S. direct hire staff of the Afghan Special Immigrant Visa Unit, the unit which processes COM applications, were furloughed. This interrupted training and slowed processing at certain steps in the case review process.

b. Step 9

i. Performance Standard: After the NVC determines the application is complete, the NVC will offer the applicant the next available interview within 8 business days of making that determination or of the applicant completing Step 8, whichever is later.

The NVC will schedule the interview within 60 calendar days of contacting the applicant unless the applicant requests a different interview location or interview time or unless there are reasonable circumstances for the delay as explained in the Progress Reports.

ii. Actual Performance: Of the 143 cases that were scheduled by NVC during the reporting period, 24 cases, or approximately 17 percent, were scheduled within the eight-day performance standard. The average number of days to schedule a case was 44 days. Interview appointments were scheduled an average of 60 days from the scheduling date. Seventy cases, or approximately 50 percent, were scheduled within the 60-day performance standard.

iii. Explanation: The large majority of posts that were selected by class members seeking an Afghan SIV carry a scheduling backlog and, thus, are limited in their ability to accommodate individuals for an immediate interview. Interviews are scheduled based on the date the case became documentarily complete (all necessary documents were provided) with the oldest cases

scheduled first. Posts consider a variety of factors when determining how many interviews to allocate to different visa categories, including the bilateral relationship with the host country government, backlogs across visa categories, no show rates, and country conditions. Further, posts have limitations on the number of interviews that they can conduct, which makes it impossible for posts with larger backlogs to accommodate scheduling all class members for interviews within eight business days. Such limitations include staffing, space, and closures.

As of November 2025, most categories of immigrant visas must be scheduled at the location of the principal applicant's place of residence or nationality. However, interviews for Afghan SIVs are exempt from this requirement. The additional appointment flexibility afforded to Afghan SIVs has facilitated faster processing because applicants could, if able, travel to a location with a shorter or with no backlog to be scheduled more quickly.

c. Step 11

i. Performance Standard: All cases refused under INA section 221(g) (8 U.S.C. § 1201(g)) for administrative processing that is solely within the Department of State's control will be completed within 90 calendar days.

All cases refused under INA section 221(g) (8 U.S.C. § 1201(g)) for administrative processing that is not solely within the Department of State's control and which require additional processing time to reconcile any national security concerns, see AAPA § 602(b)(4)(B), RCIA § 1242(c)(2), will be identified in the progress reports in the following manner: number of cases pending greater than 120 calendar days; number of cases pending greater than 180 calendar days; and number of cases pending greater than one year.

For the purpose of progress reporting, the beginning date for these cases is the date the consular officer placed the case in administrative processing.

The Department of State will request that third party agencies expedite the processing of class members. The Department of State cannot require a third-party agency to complete their actions in any particular timeframe.

ii. Actual Performance: During the reporting period, the time required to complete administrative processing for national security vetting averaged 116 days. A total of 16 cases requiring national security vetting were completed during the reporting period. Sixty-three percent of cases, 10 total, that were completed during the reporting period were within the 90-day performance standard while thirty-seven percent of cases, 6 total, that were completed during the reporting period took longer than the 90-day performance standard.

During the reporting period, the time required to complete administrative processing on cases for which consular officers requested legal guidance from the Office of the Legal Adviser averaged 19 days. One hundred percent of such cases were completed within the 90-day performance standard.

Because Department of State systems do not track time spent in government and applicant control for cases refused for reasons other than national security vetting or legal guidance, data on this performance standard is not available for these other cases. Therefore, the Department of State cannot determine whether there were any such cases that were not included above, that were solely within its control, and that were not completed within the 90-day performance standard.

Cases refused for reasons other than national security vetting or for legal guidance commonly include time spent in applicant or other third-party control. For

example, administrative processing commonly includes situations in which the consular officer refuses the visa application and requests further information from the applicant or a third party.[9] Therefore, while data is not available on all cases in administrative processing, the data includes those that are not solely within the Department of State's control and, thus, are properly excluded from the performance data for this step.

iii. Explanation: Administrative processing for national security vetting involves coordination with interagency partners. The Department of State cannot require a third-party agency to complete their actions in any particular timeframe. Some cases require intensive interagency engagement to reach a determination, which can lengthen the time needed for administrative processing on the individual case and reduce the resources available to process other cases.

The Department of State has been undertaking an effort to review the status of cases undergoing national security vetting to identify delays due to potential technical or procedural hang-ups that may be within its control. When such cases are identified, the Department takes appropriate action to ensure timely completion of such vetting.

[9] *See supra* n.3.

Form I-360 Petitions Reviewed by USCIS

A. Report

| | **Number of Class Members at the beginning of reporting period (as of September 4, 2025)** | **Number of Class Members at the end of reporting period (as of December 3, 2025)** | **Number of Class Members entering the step during the reporting period** | **Number of Class Members completing the step during the reporting period** | **Number of Class Members beginning and ending the reporting period in the step** |
|---|---|---|---|---|---|
| | [3] (Total number of petitions pending at the beginning of the reporting period (as of September 4, 2025)<br><br>[3] (awaiting government action)<br><br>[0] (awaiting applicant action)<br><br>[0] (national security cases pending between 90 to 180days)<br><br>[0] (national security cases pending between 181 to 240 days)<br><br>[1] (national security cases pending greater than 241 days) | [2] (Total number of petitions pending a final action at the end of reporting period (as of December 3, 2025)<br><br>[2] (awaiting government action)<br><br>[0] (awaiting applicant action)<br><br>[0] (national security cases pending between 90 to 180 days)<br><br>[0] (national security cases pending between 181 to 240 days)<br><br>[1] (national security cases pending greater than 241 days) | [1] (Number of petitions receipted during the reporting period) | [2] (Total number of petitions approved, denied, or administratively closed during the reporting period)<br><br>[2] (approved)<br><br>[0] (denied)<br><br>[0] (administratively closed) | [2] (Total number of petitions receipted before the reporting period and pending final action as of the end of the reporting period)<br><br>[2] (awaiting government action)<br><br>[0] (awaiting applicant action)<br><br>[0] (national security cases pending between 90 to 180 days)<br><br>[0] (national security cases pending between 181 to 240 days)<br><br>[1] (national security cases pending greater than 241 days) |

B. Performance Standards

1. Standards Met

For the period of this Progress Report, Defendants met the performance standards in the Revised Adjudication Plan for the Afghan Allies Protection Act of 2009: Form I-360 Petitions Reviewed By USCIS.