**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES,** *on their own and on behalf of others similarly situated*,<br><br>            Plaintiffs,<br><br>        v.<br><br>**MARCO RUBIO**, *et al.*,<br><br>            Defendants. | No. 18-cv-1388 |

## <u>ORDER</u>

For the reasons explained below, Defendants are directed to provide Afghan class members with appropriate notice about the current operational scope of the court's injunction, *i.e.*, the Revised Adjudication Plan.[1]

Federal Rule of Civil Procedure 23(d)(1)(B) vests the court with broad discretion to "issue orders that . . . require . . . giving appropriate notice to some or all class members" in order "to protect class members and fairly conduct the action." The Rule lists "non-exhaustive" examples of when such notice would be appropriate, Fed. R. Civ. P. 23 – Advisory Committee

---

[1] The court has jurisdiction to issue this Order. Although the pendency of an appeal divests this court of jurisdiction to alter the Revised Adjudication Plan, the appeal has "no impact" on this court's "powers to enforce its unstayed judgment." *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1129 (D.C. Cir. 1978); *see also* Wright & Miller, Federal Practice & Procedure § 3949.1 (noting "the panoply of ancillary actions that remain within the district court's authority despite the pendency of the appeal"). This Order does not alter the Revised Adjudication Plan; it neither modifies any benchmark nor imposes any new substantive obligation on Defendants regarding the adjudication of SIV applications. It requires only that Defendants provide notice, drawn from their own public guidance, to inform class members about the Plan's current scope, which this Order leaves undisturbed.

Note (1966 amend.), including notice of "the proposed extent of the judgment."  Fed. R. Civ. P. 23(d)(1)(B).  The D.C. Circuit has recognized that permissible procedural notice can include notice regarding the court's prior rulings, the existence of an injunction, and the availability of relief.  *Cobell v. Kempthorne*, 455 F.3d 317, 324 (D.C. Cir. 2006) (citing *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1236 (9th Cir. 1999)); *see also Barahona-Gomez*, 167 F.3d at 1237 (upholding notice that "was required to inform class members that equitable relief may be available").  An order requiring notice about the current operational scope of the Revised Adjudication Plan and the relief it provides fits comfortably within the court's broad power to issue procedural notices.  Such notice does no more than apprise class members of the scope of the Revised Adjudication Plan and clarify the status of the Plan in light of recent developments in the litigation.  Without such notice, class members may reasonably but incorrectly infer from their continued progression through the Plan's scheduling steps that the Plan insulates them from Presidential Proclamation 10,998.  Notice is therefore warranted to protect class members by informing them of the limits on the relief that the court has issued for them, particularly before they undertake dangerous travel to interview for a visa.

Accordingly, it is hereby **ORDERED** that Defendants provide Afghan class members with the following notice when scheduling visa interviews:

> **Announcement for Afghan Special Immigration Visa (SIV) applicants:**  Please check travel.state.gov for more information on Presidential Proclamation 10998, "Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of the United States," which became effective January 1, 2026, and restricts the entry of nationals of Afghanistan to the United States. Please note: Presidential Proclamation 10998 applies to Afghan SIVs, including applicants who are members of the class in *Afghan and Iraqi Allies v. Rubio*, No. 18-cv-1388 (D.D.C.) and for whom the court has ordered the U.S. Department of State to adjudicate SIV applications on a defined timeline.  Visa applicants who are subject to Presidential Proclamation 10998 may still submit visa applications and schedule interviews, but they may be denied visa issuance or admission to the United States.

It is **SO ORDERED**.


Date: May 20, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge